**UNITED STATES of America,
Plaintiff,**

v.

**Stephan A. WALTHER, Defendant.
No. 73-CR-153.**

United States District Court,
E. D. Wisconsin.

June 23, 1975.

---

Leah M. Lampone, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Todd J. Mitchell, Milwaukee, Wis., for defendant.

## DECISION

JOHN W. REYNOLDS, Chief Judge.

This is a selective service case in which defendant Stephan A. Walther was indicted for failing to keep Milwaukee County Local Board No. 44 ("the Board") informed of his current address, in violation of 50 U.S.C. App. § 462. In open court on April 29, 1975, defendant executed a waiver of jury trial. The Government introduced into evidence a stipulation of facts and the defendant's selective service cover sheet. Both parties have submitted the case to the Court for decision on the stipulation, cover sheet, and briefs. For the reasons hereinafter stated, the defendant must be found guilty.

On November 8, 1968, defendant registered with the Board in Milwaukee, Wisconsin, listing his mailing address as 5874 North 79th Street, Milwaukee, Wisconsin 53218. After a series of classifications, defendant was classified I–O (conscientious objector) on April 20, 1970.

The defendant's cover sheet indicates that from April 20, 1970, through the summer of 1972, negotiations were conducted among the defendant, the Board, and the State Selective Service Headquarters regarding placement of the defendant in an acceptable alternate service job.

On September 1, 1972, the Board sent defendant an order to report to the California Ecology Corps on October 3, 1972, by certified mail. The postal service attempted delivery of the order on September 2, 1972, but since defendant was not present, a note was left advising defendant that a certified letter was at the post office and that he had five days to pick it up. The order was returned to the Board on September 13, 1972, with the notation "Unclaimed—No Response —left notice-1891—9/2/72." Defendant did not report to the California Ecology Corps on October 3, 1972.

The Board made no further effort to contact the defendant but instead referred the case to the United States Attorney for prosecution.

The address to which the order was mailed—5874 North 79th Street, Milwaukee, Wisconsin 53218—was the residence of defendant's foster parents, Mr. and Mrs. Robert Jones. Defendant used their address as his mailing address because he was a part-time student and frequently lived at a variety of temporary addresses where he was not certain that mail would reach him. Defendant would periodically call his foster parents to determine whether any mail had been received, or they would call him when mail was delivered. Defendant would then go to their residence to collect his mail.

Mr. Jones was aware of the postal service's attempt to deliver a certified letter addressed to defendant on September 2, 1972, and personally notified defendant shortly thereafter that the post office had a letter for him. Jones did not know who the letter was from nor the nature of its contents.

Defendant admits being notified by Jones of the certified letter and that it had been returned to the post office for him to pick up. Defendant did not pick up the letter, however, because he feared it was a collection letter from a creditor. Finally, defendant states that he used the 79th Street address as his current mailing address in good faith.

Section 462(a), 50 U.S.C. App., makes it a criminal offense to knowingly fail or neglect to perform any duty created by the Military Selective Service Act of 1967 or the rules and regulations made thereunder. Section 465(a), 50 U.S.C. App., provides:

> "(b) It shall be the duty of every registrant to keep his local board informed as to his current address and changes in status as required by such rules and regulations as may be prescribed by the President."

Pursuant to this authorization, two regulations were in effect on September 1, 1972, which provided in part as follows:

> "It shall be the duty of each registrant to keep his local board advised at all times of the address where mail will reach him. * * *" 32 C.F.R. § 1641.3 (1972).

> "It shall be the duty of every classified registrant to keep his local board currently informed * * * of his home address * * *. Every classified registrant shall, within 10 days after it occurs, report to his local board in writing every change in his * * * home address * * *." 32 C.F.R. § 1641.7(a) (1972).

Effective September 9, 1972, the above-quoted regulations were replaced by the following:

> "§ 1641.1 Reporting by registrants of their current status.

> "(a) It shall be the duty of every classified registrant * * * to keep his local board currently informed in writing of (1) the address where mail will reach him * * *." 32 C.F.R. § 1641.1(a) (1973).

Defendant was charged in the indictment with failing and neglecting to keep the Board informed as to his current address from on or about September 1, 1972, until the date of the indictment (May 7, 1973).

In Bartchy v. United States, 319 U.S. 484, 63 S.Ct. 1206, 87 L.Ed. 1534 (1943), the Court was faced with the problem of interpreting an almost identical regulation. The Court approved the Government's view that a registrant who was expecting a notice of induction was not required to remain at one place or to notify the local board "of every move or every address, even if the address be temporary." 319 U.S. at 488, 63 S.Ct. at 1208.

Further, the Court rejected the Government's argument that a registrant aware of the imminence of an induction order was obligated to keep in close communication with a forwarding address. Instead, the Court ruled that:

> " * * * The regulation, it seems to us, is satisfied when the registrant, in good faith, provides a chain of forwarding addresses by which mail, sent to the address which is furnished the board, may be by the registrant reasonably expected to come into his hands in time for compliance." 319 U.S. at 489, 63 S.Ct. at 1208.

The Court has also ruled that in order for a registrant to be convicted of knowingly failing to furnish a correct address where mail will reach him, there must be a deliberate purpose on the part of the registrant not to comply with the Act or the regulations. Ward v. United States, 344 U.S. 924, 73 S.Ct. 494, 97 L.Ed. 711 (1953).

It is this Court's judgment that the evidence in this case is sufficient to establish beyond a reasonable doubt that defendant willfully and knowingly failed and neglected to keep the Board informed of his current address, i. e., where mail would reach him. The fact that defendant was classified several different times, eventually receiving a

I–O classification, together with the additional fact that negotiations were conducted for the purpose of finding an acceptable alternate service job for defendant make it evident that defendant's failure to pick up the certified letter constituted a willful act that made it impossible for the mail to reach him.

Therefore, the defendant must be found guilty.