OPINION
{¶ 1} Plaintiff-appellant, First Resolution Investment Corporation ("appellant"), appeals from the judgment of the Franklin County Municipal Court setting aside appellant's default judgment against defendant-appellee, Darrell J. Davis ("appellee").
 {¶ 2} On September 28, 2004, appellant filed a complaint against appellee in the Franklin County Municipal Court to recover amounts due on a credit card account. At the same time, appellant signed a "Waiver of Notification and Instructions to Clerk" ("written request"), which instructed the clerk of courts to serve appellee by ordinary mail in the event certified mail was returned by the postal authorities with an endorsement of "refused" or "unclaimed." On October 5, 2004, the clerk of courts mailed summons and a copy of appellant's complaint to appellee at his residence via certified mail. The summons and complaint were returned to the clerk of courts on October 21, 2004, with the notation "NRLN" (no response left notice) appearing on the envelope and "other"[1] checked as the reason for return; NRLN suggests that the certified mail envelope went unclaimed, despite notices of same left for the intended recipient. See, e.g., United States v. Walther (E.D.Wis. 1975), 395 F.Supp. 797;Jansen v. Barclay Square (1973), 34 Ohio Misc. 14. Pursuant to the written request on file, the clerk of courts sent summons[2] and appellant's complaint to appellee via ordinary mail on October 22, 2004, and it was not returned.
 {¶ 3} Having not received an answer from appellee, appellant moved the trial court for default judgment on November 26, 2004. The trial court granted appellant's motion on November 29, 2004, and entered judgment against appellee in the amount of $1,539.58 plus accrued interest in the amount of $1,460.78, plus interest at the contract rate of 23.90 percent per annum after the date of judgment, plus the costs of the action.
 {¶ 4} On or about December 1, 2004, appellant mailed appellee a Notice of Court Proceedings to Collect Debt. The next day, appellee, acting pro se, sent the clerk of courts a letter in which he stated that he did not receive appellant's complaint in the mail and requested that appellant's motion for default judgment be dismissed on the basis that service had not been perfected. In an entry dated December 14, 2004, the trial court construed and accepted appellee's letter as an answer and motion to set aside appellant's judgment, and noted that because appellee had not served appellant a copy of that letter, it was forwarding the same to appellant, along with a copy of the December 14, 2004, entry.[3]
 {¶ 5} On January 7, 2005, appellant filed a memorandum contra to appellee's motion to vacate judgment. Appellant argued that service of process had been perfected via ordinary mail because the certified mail envelope was returned unclaimed. In addition, appellant proffered the affidavit of Dawn Moxley ("Moxley"), an account representative for appellant's counsel's law firm, who stated that on or about September 28, 2004, appellee contacted the law firm regarding the complaint. (Affidavit of Dawn Moxley, at ¶ 3.) According to Moxley, she explained to appellee that the action against him concerned his default of payment on his First North American Bank credit card account. Thus, appellant argued that its judgment against appellee should not be vacated.
 {¶ 6} On January 25, 2005, appellee filed a response to appellant's memorandum contra. Therein, he asserted that he never received a copy of the complaint, appellant's counsel and Moxley were "liars" and "conspired to commit fraud" upon the court, and did not "concede" that he was "the owner of the account in question, though he [did] acknowledge it [was] a possibility." (Statement to Court in Response to Plaintiff's Memorandum Contra Defendant's Motion to Vacate Judgment, at ¶ 4, 7.) Appellee also asserted that appellant's argument regarding the failure of service via certified mail was "moot" because he was not served by certified mail, however, appellee offered no explanation as to why the certified mail envelope was returned with the particular notations thereon.
 {¶ 7} Following an oral hearing, on March 8, 2005, the trial court set appellant's judgment aside, and gave appellee 14 days within which to file an answer. This appeal followed.
 {¶ 8} Appellant sets forth the following two assignments of error:
ASSIGNMENT OF ERROR NO. 1.
THE COURT ERRED BY GRANTING DEFENDANT-APPELLEE, DARREL J. DAVIS'S [SIC], MOTION TO SET ASIDE JUDGMENT PURSUANT TO OHIO CIVIL RULE 60(B) DESPITE DEFENDANT-APPELLEE BEING PROPERLY SERVED AT HIS RESIDENCE WITH PLAINTIFF'S COMPLAINT VIA U.S. ORDINARY MAIL SERVICE, WITH A CERTIFICATE OF MAILING, ON OR ABOUT OCTOBER 22, 2004.
ASSIGNMENT OF ERROR NO. 2.
THE COURT ERRED BY GRANTING DEFENDANT-APPELLEE, DARRELL J. DAVIS'S [SIC], MOTION TO SET ASIDE JUDGMENT PURSUANT TO OHIO CIVIL RULE 60(B).
 {¶ 9} Appellant's assignments of error are interrelated and we will therefore discuss them together. We begin our analysis by recognizing that there has been considerable confusion regarding the proper authority that permits a trial court to vacate a judgment when the movant alleges failure of service of process. Proper service of process is an essential component in the acquisition of personal jurisdiction over a party, and a judgment in the absence of personal jurisdiction is void ab initio.Westmoreland v. Valley Homes Mutual Housing Corp. (1975),42 Ohio St.2d 291, 293-294; Lincoln Tavern, Inc. v. Snader (1956),165 Ohio St. 61, 64; TCC Mgt. Co. v. Clapp, Franklin App. No. 05AP-42,2005-Ohio-4357, at ¶ 10, citing Community Ins. Co. v. Sullivan (June 30, 1997), Franklin App. No. 96APE12-1750. Thus, a motion to vacate judgment pursuant to Civ. R. 60(B) alleges that the judgment is voidable, unlike a motion to vacate judgment on jurisdictional grounds, which alleges that the judgment is void ab intitio. Patton v. Diemer (1988),35 Ohio St.3d 68. In Van De Ryt v. Van De Ryt (1966), 6 Ohio St.2d 31, 36, the Supreme Court of Ohio explained "[a] court has an inherent power to vacate a void judgment because such an order simply recognizes the fact that the judgment was always a nullity." Accordingly, the requirements of Civ. R. 60(B) do not apply where a party attacks a judgment for want of personal jurisdiction. Cincinnati School Dist. Bd. of Edn. v.Hamilton County Bd. of Revision (2000), 87 Ohio St.3d 363, 368; Community Ins.Co., supra; Dairyland Ins. Co. v. Forgus (1989), 58 Ohio App.3d 78, 79.
 {¶ 10} The methods for obtaining service of process within this state are outlined in Civ. R. 4.1. Pursuant to Civ. R. 4.1(A), service of process via certified mail is evidenced by a return receipt signed by any person. As relevant herein, in the event "a certified or express mail envelope is returned showing that the envelope was unclaimed," upon a "written request" from the serving party, "the clerk shall send by ordinary mail a copy of the summons and complaint or other document to be served" to the defendant's address in the caption or other address designated in the written request. Civ. R. 4.6(D). "Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery." Civ. R. 4.6(D). When the mandates of Civ. R. 4.6(D) are followed, a presumption of proper service is created. Bank One, N.A. v. Winn (Aug. 29, 2000), Franklin App. No. 99AP-1359; Taris v. Jordan (Feb. 20, 1996), Franklin App. No. 95APE08-1075; United Home Federal v. Rhonehouse (1991),76 Ohio App.3d 115, 124; Rogers v. United Presidential Life Ins. Co.
(1986), 36 Ohio App.3d 126, 128. That presumption, however, may be rebutted by sufficient evidence, such as the defendant did not reside or did not receive mail at the address to which such ordinary mail service was addressed. See, e.g., Central Ohio Sheet Metal, Inc. v. Walker,
Franklin App. No. 03AP-951, 2004-Ohio-2816, at ¶ 10 (appellant failed to rebut the presumption of proper service by ordinary mail because he resided at the address to which the summons and complaint were sent),[4]
citing Grant v. Ivy (1980), 69 Ohio App.2d 40, 42-43 (the trial court did not abuse its discretion in granting defendant's motion to set aside the judgment when defendant did not live at the address to which the summons and complaint were sent).
 {¶ 11} In this case, the record indicates that service was attempted by certified mail but returned unclaimed. Pursuant to Civ. R. 4.6(D), the clerk of courts next attempted service by ordinary mail, which was not returned. As such, a rebuttable presumption of valid service was created.
 {¶ 12} In order to set aside a judgment on the basis of improper service, the trial court must first consider the facts of the case and determine whether service of process was perfected. Thomas v. Corrigan
(1999), 135 Ohio App.3d 340, 344; Pegram v. Merle Dalton, dba M.D.'sAuto Truck Repair (Apr. 14, 1987), Franklin App. No. 86AP-817. Additionally, the "party attempting to avoid jurisdiction has the burden of showing a defect or irregularity in the process." Sweeney v. Smythe,Cramer Co., Geagua App. No. 2002-G-2422, 2003-Ohio-4032, at ¶ 15, quoting United Ohio Ins. Co. v. Rivera (Dec. 11, 1998), Ashtabula App. No. 98-A-0026. "A determination of whether or not service of process was sufficient in a particular case rests within the sound discretion of the court making the decision and will not be reversed absent a showing that the court abused its discretion." Id., citing United Ohio Ins. Co.,
supra. See, also, King v. Enron Capital Trade Res. Corp. (Apr. 5, 2001), Franklin App. No. 00AP-761. The term "abuse of discretion" connotes more than a mere error of judgment; it implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. "A decision is unreasonable if there is no sound reasoning process that would support that decision."AAAA Enterprises, Inc. v. River Place Community Urban RedevelopmentCorp. (1990), 50 Ohio St.3d 157, 161.
 {¶ 13} According to the March 8, 2005, entry, the trial court stated "[f]ollowing oral hearing, the motion to vacate judgment is hereby sustained."[5] We find that this conclusion does not fulfill the required analysis cited above. Because there is no analysis, we are unable to conduct a meaningful review of the trial court's decision, as we are unable to determine the factual and/or legal conclusions reached by the trial court, as well as what evidence the trial court considered in reaching its decision. Affirming the trial court in this instance would essentially require this court to hold that a defendant's mere assertion that he did not receive a summons and complaint sent by ordinary mail in accordance with Civ. R. 4.6(D), without more, warrants an automatic vacation of judgment. That, however, is not the law in the state of Ohio at this time. Therefore, we find that the trial court abused its discretion in granting appellee's motion to set aside the judgment and we are compelled to remand the matter to the trial court. By remanding, we do not imply that vacation of the judgment is not warranted, but that in order to vacate the judgment against appellee, the court must fulfill the required analysis.
 {¶ 14} For the foregoing reasons, appellant's first assignment of error is sustained. This determination as to appellant's first assignment of error renders its second assignment of error moot. Accordingly, the judgment of the Franklin County Municipal Court is reversed, and this cause is remanded to that court for further proceedings in accordance with this decision.
Judgment reversed and cause remanded.
Brown, P.J., and French, J., concur.
[1] The postal strip includes four (pre-printed) possible reasons for the return of certified mail to the sender, however, neither "refused" nor "unclaimed" are listed among those four possible reasons.
[2] The summons instructed appellee to serve an answer upon appellant by November 22, 2004.
[3] As an aside, we note Civ. R. 5(A) states that every written motion shall be served upon each party, and Civ. R. 5(D) states that papers filed with the court shall not be considered until proof of service is endorsed thereon or separately filed. (Emphasis added.) In addition, Civ. R. 6(B) permits a court to allow the filing of an untimely answer where there is sufficient evidence of excusable neglect. See, also, Miller v. Lint
(1980), 62 Ohio St.2d 209, 214 (trial court abused its discretion in allowing the defendant to file her answer beyond the rule date without regard to Civ. R. 5(D), 6(B), and 7(B)(1)); Liberty Savings Bank v.Biscello (Jan. 13, 2000), Franklin App. No. 98AP-1398 (trial court erred in considering motion for summary judgment when the date in the attached certificate of service was left blank); Emens, Hurd, Kegler Ritter v.Hagans (Dec. 14, 1993), Franklin App. No. 93AP-513 (trial court did not err in striking appellants' answer and counterclaims from the record because said pleadings did not identify the type of service employed). In this case, the trial court cured appellee's procedural deficiencies by construing appellee's letter as an answer without requiring appellee to show excusable neglect, and by forwarding a copy of appellee's letter to appellant. We need not decide whether the trial court abused its discretion in doing so because appellant has not raised this issue on appeal.
[4] The court's finding that appellant failed to rebut the presumption of service by ordinary mail is consistent with Ohio case law and its legal reasoning correct, despite its analysis according to Civ. R. 60(B).
[5] There is no record of this hearing on appeal. To that end, it is not clear from the record whether this hearing was transcribed.