[Cite as *Abouharga v. Elghadban*, 2024-Ohio-3413.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Nancy Abouharga, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 23AP-532 |
| v. | : | (C.P.C. No. 22DR-1210) |
| Yasser Elghadban, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 5, 2024

**On brief:** *Collin P. Finn*, for appellee.  **Argued:** *Collin P. Finn.*

**On brief:** *Eugene R. Butler*, for appellant.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

BOGGS, J.

{¶ 1} Defendant-appellant, Yasser Elghadban, appeals the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, denying his motion for relief from a final judgment and decree of divorce. For the following reasons, we reverse the trial court's judgment denying that motion.

**I. FACTS AND PROCEDURAL BACKGROUND**

{¶ 2} Plaintiff-appellee, Nancy Abouharga, filed a complaint for divorce from Elghadban on April 14, 2022, along with a motion for designation of a process server. The complaint stated that Abouharga and Elghadban resided at the same address: "The parties have effectively lived separate for the past 18 months, but it is within the same house." (Apr. 14, 2022 Compl. at ¶ 4.) The trial court issued an order designating John Hurst as a process server to personally serve Elghadban with a summons and all pleadings, including

Abouharga's complaint, affidavits, and documents, and "to make due return of his service." (Apr. 20, 2022 Entry and Order on Mot. for Designation of Process Server.)

{¶ 3} The clerk of courts issued a Personal Service Return, which included space for the process server to indicate the date of service and the documents served or, if service was not accomplished, the reason the process server was unable to serve Elghadban. The Personal Service Return states, "YOU WILL MAKE DUE RETURN OF THIS ORDER BY THE 28 DAY OF APRIL, 2022." (Emphasis sic.) (Apr. 20, 2022 Personal Service Return.) Civ.R. 4.1(B)(2)(a) requires a civil process server, to endorse on the process the fact that a copy of the process has been served and to "return [the process] to the clerk, who shall make the appropriate entry on the appearance docket."

{¶ 4} Hurst did not complete and file the Personal Service Return with the clerk. Instead, more than three weeks after the date by which the Personal Service Return was to be returned to the clerk of courts, a different document, captioned "Return Service," was filed with the trial court on May 18, 2022. The document, which contains what purports to be Hurst's electronic signature, dated April 21, 2022, states:

> The defendant, Yasser Elghadban, was served the requested documents on April 21, 2022, at 1:00pm. Service was completed at his residence 2955 Northwest Blvd. Upper Arlington, Ohio 43221[.]
>
> John Hurst, Powel [sic] Detective and Protection Agency, 185 S. Liberty Street, Powell, Ohio 43065, di[d] serve summons and all other pleadings in this matter, including but not limited to Plaintiff's Complaint for Divorce, Plaintiff's Motion for Temporary Restraining Order, Entry Granting Plaintiff's Motion for Temporary Restraining Order, Plaintiff's Supplemental Affidavit in Support of Temporary Order service[.]

(May 18, 2022 Return Service at 1.)

{¶ 5} Elghadban did not file an answer to Abouharga's complaint and did not enter an appearance.

{¶ 6} On September 23, 2022, the trial court issued a judgment entry and decree of divorce following an uncontested final divorce hearing. With respect to Elghadban's nonparticipation, the judgment entry stated that Elghadban "was properly served by

private process server," but he was not present at the divorce hearing and did not file a responsive pleading. (Sept. 13, 2022 Jgmt. Entry Decree of Divorce at 1.)

{¶ 7} On November 21, 2022, nearly two months after the trial court issued its final judgment entry, attorney Craig M. Stewart entered a notice of appearance for Elghadban.

{¶ 8} On January 30, 2023, Abouharga filed a motion asking the trial court to hold Elghadban in contempt of court for failing to pay spousal and child support and for failing to transfer to Abouharga half the value of a Robinhood Crypto LLC account, as ordered in the final judgment entry and decree of divorce.

{¶ 9} Elghadban filed his motion for relief from judgment on February 9, 2023, claiming he had not been served with a summons and a copy of Abouharga's divorce complaint. He stated that at 1:00 p.m. on a Thursday afternoon, when service was alleged to have occurred, he would have been asleep and unable to answer the door, as he worked on Thursdays from 5:00 p.m. to 2:00 a.m. Elghadban also argued that the divorce decree was improper because Loc.R. 5 of the Franklin County Court of Common Pleas, Domestic Relations Division, prohibits the hearing of any divorce action until the parties have lived separate and apart for at least 30 days, unless that period is waived in the discretion of the assigned judge. The parties continued to reside together when Elghadban filed his motion for relief from judgment, and Elghadban argued that there was no indication in the judgment entry and decree of divorce that the judge had waived the rule's time requirement. Elghadban submitted with his motion an affidavit attesting to the truthfulness of the facts and allegations stated in the motion.

{¶ 10} Abouharga did not file a memorandum in opposition to Elghadban's motion, which the trial court scheduled for a hearing on May 22, 2023. The notices of hearing did not indicate whether the hearing would consist only of oral arguments or if the parties would also be entitled to present evidence in support of and in opposition to the motion for relief from judgment. Elghadban, Abouharga, and their respective attorneys appeared for the May 22 hearing. Neither Elghadban's attorney nor Abouharga's attorney called any witness or presented any evidence regarding the motion for relief from judgment, even after the trial court offered them the opportunity to do so. Elghadban's attorney reiterated the arguments from the motion that Elghadban had not been served and that the divorce decree violated the local rule requiring parties to have lived separately for at least 30 days.

Abouharga's attorney argued that the appointed process server completed service on Elghadban, as indicated in the Return Service. He also stated, "my client was home at the time -- at the point of the service -- and witnessed it," although there is no direct statement from Abouharga to that effect in the record. (May 22, 2023 Tr. at 7.) At the conclusion of the brief hearing[1], the trial court took the matter under advisement.

{¶ 11} The trial court subsequently denied Elghadban's motion for relief from judgment. The trial court rejected Elghadban's argument under Loc.R. 5 of the Franklin County Court of Common Pleas, Domestic Relations Division, stating that it had clearly waived the 30-day requirement as a matter of discretion. With respect to Elghadban's claim that he was not served, the trial court noted Elghadban's assertion that he would have been asleep and unable to answer the door at the time he was claimed to have been served, as well as Abouharga's attorney's contrary "represent[ation] that [Abouharga] witnessed John Hurst serve" Elghadban. (Aug. 4, 2023 Decision & Jgmt. Entry at 3.) The trial court, however, did not decide whether Elghadban had been served. Instead, it stated, "[e]ven if the Court were to find [Elghadban's] claim that he was not served credible, there is no evidence before the court to justify [Elghadban's] untimeliness" in moving for relief from judgment. *Id.* at 4. In other words, the trial court denied Elghadban's motion for relief from judgment based on his supposed failure to meet the burden of establishing the timeliness of his motion under Civ.R. 60(B).

{¶ 12} Elghadban appeals and raises two assignments of error:

> [1.] THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT'S MOTION TO VACATE BASED ON CIV. R. 60(B).

> [2.] THE DENIAL OF DEFENDANT'S MOTION TO VACATE THE DECREE FOR LACK OF SERVICE IS AN ABUSE OF DISCRETION.

## II. ANALYSIS

### A. First assignment of error

{¶ 13} In his first assignment of error, Elghadban argues that the trial court erred by applying the wrong legal standard when analyzing his motion for relief from judgment.

---

[1] The transcript of the hearing is less than 10 pages long.

{¶ 14} The trial court analyzed Elghadban's motion under Civ.R. 60(B), which sets out one method for obtaining relief from a final judgment, and correctly noted the requirements for obtaining relief under that rule. To prevail on a motion under Civ.R. 60(B), the movant must establish: (1) a meritorious claim or defense to present in the event relief is granted, (2) entitlement to relief under one of the provisions of Civ.R. 60(B)(1) through (5), and (3) the timeliness of the motion. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.

{¶ 15} Civ.R. 60(B) provides a means for obtaining relief from voidable judgments, but it does not apply when a motion to vacate is premised on jurisdictional grounds. *First Resolution Invest. Corp. v. Davis*, 10th Dist. No. 05AP-328, 2005-Ohio-4976, ¶ 9. "Proper service of process is an essential component in the acquisition of personal jurisdiction over a party, and a judgment in the absence of personal jurisdiction is void ab initio." *Id.* Thus, when a movant seeks vacation of a judgment based on a lack of service, the motion concerns "whether the trial court had jurisdiction to render judgment," and it is therefore "not governed by Civ.R. 60(B)." *J.M. v. J.C.*, 10th Dist. No. 19AP-739, 2020-Ohio-4963, ¶ 22. *See also*, *Shah v. Simpson*, 10th Dist. No. 13AP-24, 2014-Ohio-675, ¶ 24. In that circumstance, the movant need not present a meritorious defense or show that the motion was timely filed. *J.M.* at ¶ 22, citing *Gupta v. Edgecombe*, 10th Dist. No. 03AP-807, 2004-Ohio-3227, ¶ 12. "A court has inherent power to vacate a void judgment because such an order simply recognizes the fact that the judgment was always a nullity." *Van DeRyt v. Van DeRyt*, 6 Ohio St.2d 31, 36 (1966). A void judgment may be challenged at any time. *Howell v. Howell*, 10th Dist. No. 13AP-961, 2014-Ohio-2195, ¶ 8.

{¶ 16} Instead of determining whether Elghadban was properly served and was subject to its jurisdiction, the trial court denied Elghadban's motion for relief from judgment because it concluded that Elghadban did not meet the burden under Civ.R. 60(B) of establishing that he filed his motion in a timely manner. But because Elghadban was moving for relief on the basis that he was not served with process and that the trial court's judgment was void ab initio, the requirements under Civ.R. 60(B), including the timeliness requirement, did not apply. Accordingly, the trial court's application of those requirements and denial of Elghadban's motion for failure to satisfy the timeliness requirement was erroneous.

{¶ 17} Abouharga has conceded, both in her brief and during oral argument, that the trial court should have decided Elghadban's motion for relief from judgment as a common-law motion to vacate judgment, not as a motion under Civ.R. 60(B), but she nevertheless argues that the trial court did not abuse its discretion in holding Elghadban to the inapposite requirements of Civ.R. 60(B) because it held a hearing on Elghadban's motion. That argument is misplaced. The Supreme Court of Ohio has clearly stated, "[t]his should be axiomatic: a court does not have discretion to misapply the law." *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, ¶ 38. " 'No court—not a trial court, not an appellate court, nor even a supreme court—has the authority, within its discretion, to commit an error of law.' " *Id.*, quoting *State v. Boles*, 187 Ohio App.3d 345, 2010-Ohio-278, ¶ 26 (3d Dist.). A trial court commits an error of law when it applies an incorrect legal standard. *See Glasco v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 03AP-871, 2004-Ohio-2168, ¶ 23; *Hartford Cas. Ins. Co. v. Easley*, 10th Dist. No. 93AP-86, 1993 Ohio App. LEXIS 6512 (Sept. 28, 1993).

{¶ 18} Because the trial court applied an incorrect legal standard, denied Elghadban's motion for relief from judgment based on Elghadban's noncompliance with the inapplicable requirements of Civ.R. 60(B), and did not determine whether Elghadban was properly served, we conclude that the trial court committed a legal error that requires us to sustain appellant's first assignment of error and reverse the trial court's judgment.

### B. Second assignment of error

{¶ 19} Elghadban's second assignment of error states: "THE DENIAL OF DEFENDANT'S MOTION TO VACATE FOR LACK OF SERVICE IS AN ABUSE OF DISCRETION." Having already determined that we must reverse the trial court's judgment denying Elghadban's motion to vacate and remand this matter to the trial court for it to decide that motion under the appropriate legal framework, by determining whether Elghadban was properly served, we conclude that Elghadban's second assignment of error is not ripe for review.

## III. CONCLUSION

{¶ 20} For these reasons, we sustain Elghadban's first assignment of error, decline to address Elghadban's second assignment of error, reverse the trial court's decision denying Elghadban's motion for relief from judgment, and remand this matter to the

Franklin County Court of Common Pleas, Division of Domestic Relations for further proceedings consistent with this decision.

*Judgment reversed,*
*cause remanded.*

DORRIAN and JAMISON, JJ., concurs.

———————