OPINION
{¶ 1} Defendant-appellant, Eldridge Edgecombe, appeals from a judgment of the Franklin County Municipal Court overruling his Civ.R. 60(B) motion for relief from judgment. Because the trial court failed to serve defendant with notice of the default hearing on damages, as specified in its order setting the hearing, we reverse.
 {¶ 2} On August 26, 2002, plaintiff-appellee, Pankaj (PJ) Gupta, filed a complaint in the Franklin County Municipal Court against defendant, claiming breach of contract, negligence, fraud, breach of warranty, and negligent misrepresentation, all arising out of plaintiff's purchase of defendant's home. The complaint set forth defendant's address as "8190 Lyndhurst Ct., Sycamore Township, OH 45249." The certified mail bearing the summons and complaint was mailed to that address.
 {¶ 3} On September 7, 2002, "Iris Edgecombe" signed the certified return receipt, and on September 12, 2002, the return receipt card was filed in the municipal court. On September 16, 2002, a photocopy of the envelope that enclosed the original summons and complaint was filed in the municipal court, and it disclosed a new address for defendant: 1048 North East Avenue, Oak Park, Illinois 60302-1132. The postal service apparently attached an address label to the envelope, forwarded the summons and complaint to the Oak Park address, and obtained the noted signature to the receipt. The new address for defendant was recorded in the trial court's docket entries on September 16, 2002.
 {¶ 4} On October 24, 2002, plaintiff filed a motion for default judgment and served the motion on defendant by ordinary mail sent to defendant's old and new addresses. Defendant did not respond to the motion. On October 30, 2002, the trial court entered an order granting judgment against defendant as to liability on plaintiff's complaint and set the matter for a damages hearing on November 14, 2002; the order bears a handwritten notation to "notify parties."
 {¶ 5} Although defendant's new address was listed in the trial court's records, notice of the damages hearing was sent to defendant at the old address; the envelope was returned to the municipal court with a label that reflected defendant's new address in Oak Park. The damages hearing was rescheduled to December 12, 2002, and the municipal court again sent notice. The court, however, again sent the notice to defendant's old address, and the envelope again was returned with a forwarding address label from the postal service providing defendant's new address. Notice of the damages hearing was never sent to defendant's new address.
 {¶ 6} The damages hearing was held, in defendant's absence, before a magistrate on December 12, 2002. Following the hearing, the magistrate recommended judgment for plaintiff in the amount of $6,553.55. The trial court adopted the magistrate's decision on December 16, 2002 and entered judgment against defendant in the amount specified in the magistrate's decision.
 {¶ 7} On May 2, 2003, defendant filed a motion to vacate the judgment entered against him, asserting the trial court lacked in personam jurisdiction and subject matter jurisdiction in this matter. In his memorandum in support of the motion, defendant averred that, even though plaintiff was "fully aware" that defendant had moved to Illinois, plaintiff used defendant's old address in the complaint filed in this case, rather than defendant's new, Illinois address. As evidence of his averment, defendant attached a copy of a July 19, 2002 money order from defendant to plaintiff that was made in satisfaction of a previous municipal court action between the parties regarding the sale of defendant's home. The money order stated defendant's new address in Illinois.
 {¶ 8} Defendant further averred that the municipal court had knowledge of defendant's new address. As evidence, defendant attached a copy of a purported fax sent to the municipal court on July 19, 2002, apparently in connection with the prior litigation, that expressly notified the court of defendant's new address.
 {¶ 9} Last, defendant averred that proper service was not achieved in this case because someone other than defendant signed the certified mail receipt for the complaint, and defendant did "not recall ever seeing the complaint." Defendant flatly denied receiving notice of plaintiff's motion for default judgment or the notice of the damages hearing pertaining to that motion.
 {¶ 10} Without conducting an evidentiary hearing, the trial court overruled defendant's motion to vacate. Defendant appeals, assigning the following errors:
Error 1 — Violation of Notice of Hearing and Due ProcessStandards:
The Franklin County Municipal Court twice committed error with regard to properly notifying the Defendant-Appellant of the scheduled hearing(s) of the Plaintiff-Appellee's claim and thereby denied the Defendant-Appellant's constitutional right to "due process."
Error 2 — Violation of Proper Service of ComplaintProcedures:
The Franklin County Municipal Court committed error by disregarding the Defendant-Appellant's statement of non-delivery of the complaint and by refusing to minimally schedule a hearing to determine if the Defendant-Appellant's failure to answer the complaint constituted believable and "excusable neglect."
Error 3 — Trial court Erred in Awarding Judgment for Damages:
The Franklin County Municipal Court erred in awarding Judgment as to Liability and Judgment for Damages because the failure of the Plaintiff-Appellee and Municipal Court to properly and fairly issue service to the Defendant-Appellant voided the Franklin County Municipal Court's jurisdiction in this matter.
 {¶ 11} Defendant's assignments of error are interrelated, and thus we address them jointly. They contend (1) the trial court never obtained proper service of defendant, rendering the judgment against him void, (2) defendant was not given proper notice of the default proceedings against him, and (3) the trial court should have conducted a hearing on defendant's Civ.R. 60(B) motion. Premised on those arguments, defendant contends the judgment against him is void, or at the least voidable.
 {¶ 12} As to defendant's claim that he was not properly served with plaintiff's complaint, we preliminarily note that under Ohio law, a judgment rendered without personal jurisdiction over a defendant is void, not voidable. See, e.g., CompuServe,Inc. v. Trionfo (1993), 91 Ohio App.3d 157, 161; Sampson v.Hooper Holmes, Inc. (1993), 91 Ohio App.3d 538, 540-541 (noting that "where service of process has not been accomplished, any judgment rendered is void ab initio"). The authority to vacate a void judgment "is not derived from Civ.R. 60(B), but rather constitutes an inherent power possessed by Ohio courts."CompuServe, at 161, citing Patton v. Diemer (1988),35 Ohio St.3d 68, paragraph four of the syllabus. "[T]o be entitled to relief from a void judgment, a movant need not present a meritorious defense or show that the motion was timely filed under Civ.R. 60(B)." State ex rel. Fairfield Co. CSEA v.Landis, Fairfield App. No. 2002 CA 00014, 2002-Ohio-5432, at ¶ 16, citing CompuServe, supra.
 {¶ 13} A rebuttable presumption of proper service arises when a party complies with the Ohio Rules of Civil Procedure regarding service. Rogers v. United Presidential Life Ins. Co. (1987),36 Ohio App.3d 126, 128. Even when, however, service pursuant to Civ.R. 4 "is made at an address reasonably calculated to reach the defendant, a sworn statement by a defendant that he or she never was served with the complaint at least warrants the trial court's conducting a hearing to determine the validity of defendant's assertions." Wilson's Auto Serv., Inc. v. O'Brien
(Mar. 4, 1993), Franklin App. No. 92AP-1406. At the hearing, and depending on the evidence, the trial court need not accept as credible a defendant's testimony that he or she was not served with the complaint; nonetheless, the trial court may not summarily overrule a motion supported by an affidavit so stating. See, also, Ohio Civ. Rights Comm. v. First Am. Properties, Inc.
(1996), 113 Ohio App.3d 233, 239 (concluding the court must hold a hearing on the motion if movant's affidavit attests he did not actually receive service of process); Oxley v. Zacks (Sept. 29, 2000), Franklin App. No. 00AP-247 (noting "this court has specifically held that a trial court is not required to give preclusive effect to a movant's sworn affidavit statement that he did not receive service of process when the record contained no other indication that service by ordinary mail was ineffectual").
 {¶ 14} While defendant filed the necessary motion to vacate the default judgment taken against him and supported the motion with various documents, none of the documents was an affidavit stating that he was not served with the summons and complaint in this action. As the court observed in Landis, "research has revealed no clear direction under Ohio law as to whether such an unsworn allegation should warrant an evidentiary hearing to determine whether the * * * complaint was properly served on [defendant]." Id. at ¶ 18.
 {¶ 15} Landis, however, noted that default judgments are not favored, but instead cases should be decided on their merits, not on technical grounds. Id., citing Bank One Cincinnati, N.A.v. Wells (Sept. 18, 1996), Hamilton App. No. C-950279. See, also, Cincinnati Ins. Co. v. Emge (1997), 124 Ohio App.3d 61,65. As Landis pointed out, without an evidentiary hearing the trial court cannot assess the credibility of the defendant or the persuasiveness of the defendant's evidence, and thus the court would be hindered, in the absence of an evidentiary hearing, from determining whether the defendant was truthful in claiming not to have received service. Landis, at ¶ 18. Accordingly, the court in Landis concluded that "[t]he trial court abused its discretion in overruling [defendant's] motion without at least permitting an evidentiary hearing to assess the claim of invalid service of process," even in the absence of an affidavit supporting the motion to vacate. Id.
 {¶ 16} Here, the complaint initially was not directed to defendant at his new address, despite plaintiff's knowledge of defendant's Illinois address. Nonetheless, the postal service forwarded the complaint to defendant at his Oak Park address. See "Defendant's Motion to Vacate Judgments," 2 (stating that "[d]ocumentation in the case file indicates that the Complaint was forwarded to an address in Illinois, at which someone other than the Defendant signed the certified mail receipt"). At that address, "Iris Edgecombe" signed the receipt on defendant's behalf. In the face of such evidence indicating the complaint was served at a place reasonably calculated to reach defendant, defendant's memorandum in support of his motion to vacate does not state defendant did not receive the complaint, but asserts that "the Defendant does not recall ever receiving the Complaint" and "Defendant himself does not recall ever seeing the Complaint." (Defendant's Motion to Vacate, 2, 4.)
 {¶ 17} Even considering defendant's unsworn statements in determining whether the trial court should have held an evidentiary hearing, we are compelled to conclude defendant's statements that he "does not recall" seeing or receiving the complaint fall short of asserting that he was not served with the complaint. Thus, even if defendant were to prove at an evidentiary hearing that he does not recall receiving the complaint, such evidence would not support a determination that defendant was not properly served in accordance with Civ.R. 4. Accordingly, given plaintiff's ultimate compliance, through the assistance of the postal service, with the minimum requirements of Civ.R. 4, the trial court did not abuse its discretion in failing to conduct an evidentiary hearing to determine defendant's motion to vacate based on lack of service of plaintiff's complaint.
 {¶ 18} While defendant asserts the trial court violated his due process rights in deeming service complete under these circumstances, defendant's due process rights were protected in plaintiff's compliance with Civ.R. 4.1. Certified mail service, properly addressed and delivered, meets due process requirements, because it is reasonably calculated to provide interested parties notice of the pending action and the opportunity to appear and defend. Harris v. Echols, Franklin App. No. 01AP-1027, 2002-Ohio-2707, citing Castellano v. Kosydar (1975),42 Ohio St.2d 107. Although defendant asserts the complaint and certified mail were not properly addressed, as they were not directed to his Oak Park address, the postal service corrected the deficiency in the mailing address and presented the complaint to the appropriate address for delivery.
 {¶ 19} Similarly, defendant's assertion that Iris Edgecombe's signature was insufficient to comply with Civ.R. 4.1 is unpersuasive, as service can be valid under Civ.R. 4.1 even where the complaint is delivered to one other than the defendant at the defendant's address. Fancher v. Fancher (1982),8 Ohio App.3d 79. In the absence of defendant's asserting that Iris Edgecombe had no authority to receive the mailing for him, his contentions fall short of demonstrating that service under Civ.R. 4.1 was deficient.
 {¶ 20} Unlike defendant's statements regarding service of the complaint, defendant's motion to vacate for lack of notice of the default proceedings clearly states "[d]efendant did not receive the motion" for default judgment, and further states "[d]efendant denies having received service of Plaintiff's Motion for Default Judgment at his home in Illinois." (Motion to Vacate, 2, 7.)
 {¶ 21} If a defendant is served with notice of the complaint and fails to respond as required under the civil rules, that defendant is not entitled to notice of the motion for default judgment. Sexton v. Sugar Creek Packing Co. (1974),37 Ohio St.2d 58, 59 (noting that "[b]ecause defendants did not enter an appearance in the Municipal Court, after having been personally served with summons and a copy of the petition, they were not entitled to notice of the default proceedings. Civ.R. 55(A)");Lewis v. Connors, Franklin App. No. 02AP-607, 2003-Ohio-632, at ¶ 12; Hrabak v. Collins (Dec. 26, 1995), Cuyahoga App. No. 68913, discretionary appeal not allowed (1996),76 Ohio St.3d 1405; Scullen v. Berrodin (Nov. 9, 1994), Summit App. No. 16783 (holding that "a party who has not appeared in the action is not entitled to notice of a damages hearing after a default judgment is granted"). Moreover, defendant's appearance in a related case does not constitute an appearance in this action that would invoke the right to notice of default judgment found in Civ.R. 55(A) as it relates to parties that have appeared in an action but have not filed an answer. Sexton, supra.
 {¶ 22} Even though defendant was not entitled to notice under the appearance provisions of Civ.R. 55(A), Civ.R. 5(A) provides that "[e]xcept as otherwise provided in these rules, every orderrequired by its terms to be served * * * and every written notice * * * shall be served upon each of the parties." Pursuant to Civ.R. 5(B), "[s]ervice upon the * * * party shall be made by * * * mailing it to the last known address of the person to be served * * *."
 {¶ 23} Here, the order setting the damages hearing on plaintiff's motion for default judgment specified that it be served on the parties. Although the trial court attempted to comply with that directive, its first attempt was sent to defendant's old address in Ohio; as a result, the notice was returned to the court. Despite evidence in the record regarding the proper address, the court again attempted to serve the rescheduled damages hearing on defendant at his old Ohio address; again, it was returned to the court. Thus, contrary to the trial court's order and Civ.R. 5, defendant was not given notice at his last known address of the damages hearing conducted in the trial court. To that extent, defendant's three assignments of error are sustained, the judgment of the trial court is reversed, and this matter is remanded to the trial court to conduct a hearing on the damages aspects of plaintiff's default judgment motion.
Judgment reversed and case remanded.
Brown and Watson, JJ., concur.