OPINION
{¶ 1} Defendant-appellant, Eldridge Edgecombe, appeals from a judgment of the Franklin County Municipal Court awarding plaintiff-appellee, P.J. Gupta, damages in the amount of $6,153.55, plus interest at the statutory rate. For the following reasons, we affirm, as modified, the judgment of the trial court.
 {¶ 2} This case arises from a real estate transaction between the parties, wherein plaintiff purchased defendant's home in July 1999. On August 26, 2002, plaintiff filed a complaint in the Franklin County Municipal Court against defendant, claiming breach of contract, negligence, fraud, breach of warranty, and negligent misrepresentation, all arising out of plaintiff's purchase of defendant's home. On October 24, 2002, plaintiff filed a motion for default judgment. Pursuant to an October 30, 2002 order, the trial court granted default judgment in favor of plaintiff and against defendant, as to liability, and set the matter for a damages hearing. That order contains a handwritten note to "notify parties." On December 12, 2002, a damages hearing was held, in defendant's absence, before a magistrate. Following the hearing, the magistrate recommended judgment for plaintiff in the amount of $6,553.55. On December 16, 2002, the trial court adopted the magistrate's decision and entered judgment for plaintiff in the amount recommended by the magistrate.
 {¶ 3} On May 2, 2003, defendant filed a motion to vacate the judgment entered against him, asserting that the trial court lacked in personam jurisdiction and subject-matter jurisdiction in this matter. On July 10, 2003, and without holding an evidentiary hearing, the trial court overruled defendant's motion to vacate, finding that defendant was properly served with the complaint as well as the motion for default judgment. Defendant appealed from that judgment to this court.
 {¶ 4} On June 22, 2004, this court issued Gupta v.Edgecombe, Franklin App. No. 03AP-807, 2004-Ohio-3227. InGupta, this court jointly addressed defendant's assignments of error and resolved the following contentions raised by his assignments of error:
* * * (1) the trial court never obtained proper service of defendant, rendering the judgment against him void, (2) defendant was not given proper notice of the default proceedings against him, and (3) the trial court should have conducted a hearing on defendant's Civ.R. 60(B) motion. * * *
Id. at ¶ 11.
 {¶ 5} This court found defendant's argument that he was not properly served with plaintiff's complaint to be unpersuasive. However, this court sustained defendant's assignments of error to the extent that "defendant was not given notice at his last known address of the damages hearing conducted in the trial court," contrary to the trial court's October 30, 2002 order and Civ.R. 5. Id. at ¶ 23. This court accordingly reversed the judgment of the trial court and remanded the matter to that court with instructions to conduct a hearing on the damages aspects of plaintiff's default judgment motion. See id.
 {¶ 6} Pursuant to the instructions of this court, a hearing was held in the trial court on the issue of damages on November 8, 2004. On November 19, 2004, the trial court entered judgment in favor of plaintiff in the amount of $6,153.55, plus interest. Defendant appeals from that judgment and asserts the following assignments of error for our consideration:
Error 1 — Violation of Proper Service of Hearing and Judgment
Error 2 — Failure to Adequately Consider Evidence Presented
Error 3 — Information not Considered by the Trial Court
 {¶ 7} As a preliminary matter, we note that defendant seems to proceed in this appeal under the idea that his liability is still at issue. Under the law of the case doctrine, "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." Nolan v.Nolan (1984), 11 Ohio St.3d 1, 3. As noted above, in Gupta,
defendant's assignments of error were sustained to the extent
he was not given proper notice of the damages hearing that was held on December 12, 2002. The case was remanded for a hearing as to damages, but not as to liability. Therefore, the decision of this court in Gupta effectively affirmed the default judgment in favor of plaintiff, as to liability. Consequently, defendant's liability is not at issue in this appeal.
 {¶ 8} Defendant's first assignment of error relates to the timeliness of certain documents he received relating to the proceedings in the trial court. First, defendant states that the notice regarding the November 8, 2004 hearing was mailed to his former legal counsel. However, he also states that he received the notice after his former legal counsel forwarded it to him. Defendant attended the November 8, 2004 hearing. Second, defendant states that he "did not receive a copy of the Trial Court's Judgment Entry until Friday, November 17, 2004 [sic]."[1] (Defendant's brief, at 4.) Defendant apparently received the entry after he contacted the Franklin County Municipal Court clerk's office. Lastly, defendant complains that his receipt of a requested transcript of the November 8, 2004 proceedings was not timely. He states that he received the transcript on December 18, 2004.
 {¶ 9} Defendant's contentions to the contrary, we find no reversible error raised by his first assignment of error. Defendant has failed to demonstrate any prejudicial error relating to his receipt of particular documents discussed under his first assignment of error. Therefore, we overrule defendant's first assignment of error.
 {¶ 10} Defendant's second assignment of error requires this court to review the evidence presented in the trial court at the damages hearing. However, our review of the record reveals that a certified transcript of the damages hearing is not part of the record in this appeal. The copy of the transcript attached to defendant's appellate brief is not part of the record. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199. "Any lack of diligence on the part of an appellant to secure a portion of the record necessary to his appeal should inure to appellant's disadvantage rather than to the disadvantage of appellee." State ex rel. Montgomeryv. R D Chem. Co. (1995), 72 Ohio St.3d 202, 204, quoting RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 19. We recognize that defendant has proceeded pro se in this appeal. However, "[i]t is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel." Sabouri v. Ohio Dept. of Job FamilyServ. (2001), 145 Ohio App.3d 651, 654.
 {¶ 11} Nevertheless, even if we consider the transcript of the damages hearing, as submitted by defendant, we find defendant's second assignment of error to be without merit. Under defendant's second assignment of error, he asserts that the trial court failed to consider certain evidence.
 {¶ 12} Defendant argues that the trial court failed to adequately consider the steps that plaintiff did or did not take to remedy the problem in the home. Mitigation of damages is an affirmative defense under Civ.R. 8(C). See Encore Management,Inc. v. Lakeview Realty, Inc. (Mar. 31, 1994), Cuyahoga App. No. 64784. An affirmative defense, not listed in Civ.R. 12(B), is waived unless it is raised affirmatively in a responsive pleading under Civ.R. 8(C), or by amendment under Civ.R. 15. Jim'sSteakhouse, Inc. v. Cleveland (1998), 81 Ohio St.3d 18, 20. Mitigation of damages is not listed as a defense in Civ.R. 12(B), and defendant failed to file a responsive pleading. Thus, defendant waived the affirmative defense of mitigation of damages. Furthermore, we note that the affirmative defense was not tried with the express or implied consent of the parties. Therefore, we find defendant's argument as to this issue to be unpersuasive.
 {¶ 13} Defendant also argues that plaintiff only presented non-specific evidence as to damages incurred. Contrary to defendant's argument, plaintiff testified regarding the particular expenses he incurred to fix the problem in the home. We find that the trial court did not err in considering plaintiff's testimony regarding the expenses he incurred in order to determine the proper amount of damages to award.
 {¶ 14} Lastly, defendant argues that the trial court erred in not "requiring" plaintiff to provide photographs of the damage sustained. We find no error in the trial court not "requiring" the production of photographs of the damage. We agree with plaintiff that he was not required to produce photographs in order to demonstrate the amount of damages he incurred. Furthermore, we again note that liability was not at issue at the damages hearing.
 {¶ 15} Considering the foregoing, we overrule defendant's second assignment of error.
 {¶ 16} In defendant's third assignment of error, he seems to argue that plaintiff made concessions in the parties' settlement conversations. Defendant refers to conversations he had with plaintiff's attorney regarding settlement possibilities. As to this assignment of error, we observe that defendant cites to information that is not part of the record, and therefore cannot be considered by this court. Moreover, Evid.R. 408 provides, in part, that "[e]vidence of conduct or statements made in compromise negotiations is * * * not admissible." On these bases, we overrule defendant's third assignment of error.
 {¶ 17} Based on the foregoing, we overrule defendant's three assignments of error. Despite overruling defendant's three assignments of error, we find it necessary to modify the judgment of the trial court. In this appeal, plaintiff has conceded that the trial court erred in calculating the amount of damages. Specifically, plaintiff states that the correct total of damages is $5,953, not $6,153. Therefore, considering plaintiff's representation to this court, we modify the amount of damages awarded to plaintiff to $5,953. Accordingly, the judgment of the Franklin County Municipal Court is affirmed as modified.
Judgment affirmed as modified.
Sadler and Deshler, JJ., concur.
Deshler, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Considering that the judgment entry was filed on November 19, 2004, and that defendant filed his notice of appeal from that judgment entry on January 4, 2005, it would seem as though he received the copy on Friday, December 17, 2004.