[Cite as *Shah v. Simpson*, 2014-Ohio-675.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Samir A. Shah, DDS,                    :

      Plaintiff-Appellant,          :

                                            No. 13AP-24

v.                                     :         (C.P.C. No. 10CV-14022)

Joshua I. Simpson,                     :         (REGULAR CALENDAR)

      Defendant-Appellee.           :

---

D E C I S I O N

Rendered on February 25, 2014

---

*Avonte Campinha-Bacote*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

CONNOR, J.

{¶ 1} Plaintiff-appellant, Samir A. Shah, DDS, appeals from a judgment of the Franklin County Court of Common Pleas dismissing his complaint, without prejudice, for lack of jurisdiction over defendant-appellee, Joshua I. Simpson, pursuant to Civ.R. 3(A) and 41(B)(4)(a).

## I. Facts and Procedural History

{¶ 2} On September 24, 2010, plaintiff filed his complaint against defendant alleging assault, battery, and intentional infliction of emotional distress arising out of a physical altercation with defendant that occurred on August 29, 2010. The trial court issued certified mail service on September 29, 2010 to the address listed on plaintiff's

complaint. The return of service shows that certified mail service was made on September 30, 2010.

{¶ 3}   On November 4, 2010, plaintiff filed a motion for default pursuant to Civ.R. 55, alleging that defendant had failed to plead or otherwise defend within the time prescribed by Civ.R. 12.  On November 29, 2010, defendant responded to the complaint by filing a pro se "Motion For Case To Be Dismissed," wherein he denies liability and asserts a claim of self-defense.  The trial court did not rule on defendant's motion, nor did it provide defendant with notice of the hearing upon the motion for default.

{¶ 4}   On December 6, 2010, the trial court granted judgment by default in favor of plaintiff and scheduled a hearing before a magistrate on the issue of plaintiff's damages. On December 13, 2010, defendant filed a pro se "Motion Appealing Default Judgment," wherein he claims that he was never served with the complaint and that he learned of the litigation only after receiving a copy of the motion for default judgment from plaintiff's counsel.

{¶ 5}   Defendant appeared at the January 24, 2011 damages hearing and testified in his own defense. The magistrate issued a decision on January 24, 2011, recommending judgment for plaintiff in the amount of $26,093.50, plus court costs.  On February 14, 2011, the trial court adopted the magistrate's decision as its own and entered judgment for plaintiff in the amount recommended by the magistrate. Defendant did not file an appeal from the judgment of default.

{¶ 6}   However, on February 18, 2011, defendant, by and through counsel, filed a motion for relief from default judgment on the asserted grounds of insufficiency of service of process.  On October 4, 2011, the magistrate recommended the trial court grant defendant's motion and vacate the default judgment. On December 21, 2011, the trial court denied plaintiff's objections to the magistrate's decision and entered judgment for defendant. Plaintiff did not appeal the trial court judgment.

{¶ 7}   Plaintiff made no further attempt to serve defendant. However, on January 30, 2012, plaintiff filed a second motion for default judgment.  Thereafter, on June 13, 2012, plaintiff moved for summary judgment when defendant failed to respond

to plaintiff's request for admissions.   On December 12, 2012, the trial court denied the motions and sua sponte dismissed plaintiff's complaint for failure of personal jurisdiction of defendant. Such dismissal was without prejudice pursuant to Civ.R. 41(B)(4)(a).

{¶ 8}  Plaintiff appeals from the judgment of the Franklin County Court of Common Pleas, asserting the following as error:

> 1. The Franklin County Court of Common Pleas abused its discretion when it found that Defendant Joshua Simpson did not voluntarily submit himself to the court's jurisdiction and/or commit other acts that waived the defense of lack of personal jurisdiction.
>
> 2. The Franklin County Court of Common Pleas erred when it dismissed Plaintiff's complaint for failure to perfect service within one year.
>
> 3. The Franklin County Court of Common Pleas erred when it denied Plaintiff's unopposed motion for summary judgment.
>
> 4. The Franklin County Court of Common Pleas erred when it denied Plaintiff's unopposed motion for default judgment, as well as all other pending motions.
>
> 5. The Franklin County Court of Common Pleas erred in granting Defendant's Rule 60(B) Motion to Set Aside Default Judgment.

## II.  Standard of Review

{¶ 9}   Civ.R. 3(A) states that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant."  Where service of process is not properly made pursuant to Civ.R. 4 et seq., the court lacks jurisdiction to consider the complaint and any judgment on that complaint is void ab initio. *See Deutsche Bank Natl. Trust Co. v. Boswell,* 192 Ohio App.3d 374, 2011-Ohio-673, ¶ 15 (1st. Dist.); *Rite Rug Co., Inc. v. Wilson,* 106 Ohio App.3d 59 (10th Dist.1995).  Our standard of review of a dismissal due to the lack of personal jurisdiction is de novo. *Kauffman Racing Equip., L.L.C. v. Roberts,* 126 Ohio St.3d 81, 2010-Ohio-2551.

### III. Legal Analysis

{¶ 10} There is no question that service of the summons and complaint was not properly made on defendant pursuant to Civ.R. 4. The record shows that certified mail was issued to 285 Cherrystone Dr. N., Gahanna, Ohio, the address listed on the complaint. Defendant, however, listed his address as 258 Cherrystone Dr. N., Gahanna, Ohio, in all papers filed with the court. Additionally, the return receipt from the United States Post Office shows that service was made on September 30, 2011, at an address listed only as "230," and that an individual by the name of P. Rutherford signed the certified mail receipt.

{¶ 11} The question raised by plaintiff's first and second assignments of error is whether the trial court erred by dismissing his complaint for lack of personal jurisdiction of defendant. Inasmuch as these two assignments of error are related, we will consider them together.

{¶ 12} Civ.R. 12(B) addresses how defenses are to be asserted as follows:

> Every defense * * * shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (4) insufficiency of process.

{¶ 13} Civ.R. 12 (G) provides that:

> A party who makes a motion under this rule must join with it the other motions herein provided for and then available to him. If a party makes a motion under this rule and does not include therein all defenses and objections then available to him which this rule permits to be raised by motion, he shall not thereafter assert by motion or responsive pleading, any of the defenses or objections so omitted, except as provided in subdivision (H) of this rule.

{¶ 14} Under Civ.R. 12(H)(1):

> A defense of * * * insufficiency of service of process is waived (a) if omitted from a motion in the circumstances described in subdivision (G), or (b) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(A) to be made as a matter of course.

{¶ 15} In other words, "the defense of insufficiency of service of process can be waived in one of two ways: (1) if a motion is made raising other Civ.R. 12(B) defenses and it is not included in that motion and (2) if there is no such motion, if it is not raised by separate motion or included in the responsive pleading." *Stewart v. Forum Health*, 190 Ohio App.3d 484, 2010-Ohio-4855, ¶ 36 (7th Dist.), citing *Gliozzo v. Univ. Urologists of Cleveland, Inc.,* 114 Ohio St.3d 141, 2007-Ohio-3762, ¶ 9.

{¶ 16} Defendant first responded to the complaint on November 29, 2010 when he filed a pro se "Motion For Case To Be Dismissed." We note that defendant's motion sets forth none of the enumerated defenses in Civ.R. 12. The motion simply seeks dismissal of the complaint based upon the claim of self-defense. Accordingly, we find that defendant's pro se response to plaintiff's complaint is not a motion made pursuant to Civ.R. 12, and that defendant did not waive the defense of insufficiency of service of process by failing to assert the defense therein.

{¶ 17} Similarly, the trial court judgment of default states that defendant "has not answered the complaint or otherwise appeared." (R. 21-22.)[1] While defendant's pro se motion shares some of the characteristics of an answer, it is clear from the record that defendant did not consider his response as an answer. Moreover, plaintiff has made no argument that the November 29, 2010 motion should be treated as an answer. Thus, we conclude that the pro se filing of November 29, 2010 is not an answer as defined under the Ohio Rules of Civil Procedure, and that defendant did not waive the defense of insufficiency of service of process by failing to raise the issue in a responsive pleading.

{¶ 18} Having determined the November 29, 2010 motion did not operate as a waiver of the defense of insufficiency of service of process, we must determine whether defendant subsequently raised such a defense in a timely fashion. An examination of defendant's pro se "Motion Appealing Default Judgment" filed on December 13, 2010 reveals that defendant timely raised the defense. Indeed, the body of the motion reads in

---

[1] The November 29, 2010 motion is clearly an "appearance" for purposes of Civ.R. 55. *See Wells Fargo Bank v. Sekulovski*, 10th Dist. No. 11AP-795, 2012-Ohio-5973.

relevant part: "I also was not aware of any filing against me by [plaintiff's attorney's] office, and was NOT SERVED those charges on the date of September 24, 2010. If I would have been aware of these charges, I would have answered this count in time." (Emphasis sic.) (R. 23.)

{¶ 19} It is evident to the court that defendant raised the defense of insufficiency of service of process by his December 13, 2010 motion. Although the trial proceeded to a hearing on plaintiff's damages, without ruling on defendant's motion, the fact remains that defendant asserted the defense in a motion made pursuant to Civ.R. 12. Defendant subsequently re-asserted the defense in his January 10, 2011 motion to set aside the default judgment.[2]

{¶ 20} Plaintiff contends defendant subsequently waived the defense by actively participating in the litigation over the next two and one-half years. Plaintiff points out, for example, that defendant appeared and gave testimony at the damages hearing on January 24, 2011, without asserting the defense of personal jurisdiction; he hired counsel to represent him; he appeared for a judgment debtor exam; he appeared and gave testimony at the Civ.R. 60(B) hearing; and that he filed motions both pro se and with counsel.[3] Plaintiff claims that defendant voluntarily submitted himself to the jurisdiction of the court by his participation in the litigation as set forth above. We disagree.

{¶ 21} "When the affirmative defense of insufficiency of service of process is properly raised and properly preserved, a party's active participation in the litigation of a case does not constitute waiver of that defense." *Gliozzo* at ¶ 18. This is true even though the case has been tried to conclusion without a determination of whether service was achieved. *Blount v. Schindler Elevator Corp.,* 10th Dist. No. 02AP-688, 2003-Ohio-

---

[2] The January 10, 2011 motion reads, in relevant part, as follows: "Defendant respectfully advises the court that said summons was never delivered to him, and that the Plaintiff's proof of service filed in the Clerk of Court records indicates that a delivery was made on the date and time to a "*P. Rutherford*." There is only a partial delivery address (230...) and it is apparent that the remainder of the address has been blotted out. The Defendant's signature, and his address, 285 Cherrystone Drive North, Gahanna, Ohio, do not appear anywhere on the proof of service."

[3] The record does not support plaintiff's claim that defendant "filed numerous pleadings." (Appellant's brief, 6.) As noted above, defendant never filed an answer to the complaint, nor did he file any other "pleading" as the term is defined in Civ.R. 7(A).

2053, ¶ 27, citing *Bell v. Midwestern Educational Serv., Inc.*, 89 Ohio App.3d 193, 203-04, (2d Dist.1993).[4]  Indeed, where service of process is not made in accordance with the Rules of Civil Procedure, the trial court lacks jurisdiction to consider the complaint, and any judgment on that complaint is void ab initio. *See Rite Rug* at 62.

{¶ 22} Plaintiff argues further that the dismissal of his complaint was unjustified, under the circumstances of this case, given the fact that defendant did not seek dismissal on the grounds of personal jurisdiction during the two and one-half years of litigation. First, we disagree with plaintiff's contention that defendant did not seek dismissal due to the insufficiency of service of process. As noted above, defendant raised the issue in both his December 13, 2010 and January 10, 2011 motions.  Second, we note that the Supreme Court of Ohio addressed a similar fairness argument in *Gliozzo:*

> Gliozzo also argues that allowing a party to file a motion to dismiss based on insufficient service after that party has defended on the merits simply encourages legal gamesmanship and prevents the efficient administration of justice. Gliozzo points out that although appellants were aware of the deficient service, they did not move to dismiss the case on that basis until after the time to perfect service had expired, denying him an opportunity to remedy the error. He also contends that because the primary objective of the rules relating to service of process is to provide notice, a strict application of the rules in this case simply elevates form over function.
>
> Regardless of how appellants' behavior is characterized, the Ohio Rules of Civil Procedure govern the conduct of all parties equally, and "we cannot disregard [the] rules to assist a party who has failed to abide by them." *Bell v. Midwestern Educational Servs., Inc.* (1993), 89 Ohio App.3d 193, 204, 624 N.E.2d 196. The rules clearly declare that an action is commenced when service is perfected. Civ.R. 3(A). Furthermore, we have held, "Inaction upon the part of a defendant who is not served with process, even though he might be aware of the filing of the action, does not dispense with the necessity of service." *Maryhew* [*v. Yova*, 11 Ohio St.3d 154, 157 (1984)], 11 OBR 471, 464 N.E.2d 538. The

---

[4] Defendant's failure to file an appeal from the default judgment entered on February 14, 2011 is of no consequence in the analysis inasmuch as a judgment rendered without personal jurisdiction is void ab initio.

> obligation is upon plaintiffs to perfect service of process; defendants have no duty to assist them in fulfilling this obligation. Id. at 159, 11 OBR 471, 464 N.E.2d 538.

*Id.* at ¶ 15-16.

{¶ 23} In the final analysis, plaintiff's failure to perfect service upon defendant in this case deprived the trial court of jurisdiction over defendant and prevented a valid judgment in plaintiff's favor, notwithstanding defendant's participation in the litigation. *Id. See also Rite Rug; Stewart; Bell.* Thus, the trial court did not err when it dismissed plaintiff's complaint due to the failure of commencement. Plaintiff's first and second assignments of error are overruled.

{¶ 24} Furthermore, we render moot, plaintiff's fifth assignment of error challenging the trial court's December 21, 2011 judgment entry granting defendant's motion for relief from default. Given our determination that the trial court did not have personal jurisdiction of defendant, relief from such judgment was appropriate under the common law. *See Patton v. Diemer,* 35 Ohio St.3d 68 (1988), paragraph four of the syllabus; *State ex rel. Ballard v. O'Donnell,* 50 Ohio St.3d 182 (1990), paragraph one of the syllabus (When a court lacks personal jurisdiction over a defendant as a result of deficient service, that defendant is entitled to have the judgment vacated and need not satisfy the requirements of Civ.R. 60(B)). For similar reasons, we render moot, appellant's third assignment of error which challenges the denial of defendant's motion for summary judgment, and his fourth assignment of error which challenges the denial of his second motion for default judgment.

## IV. CONCLUSION

{¶ 25} Having overruled appellant's first and second assignments of error, and rendering moot appellant's third, fourth, and fifth assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and DORRIAN, JJ., concur.

————————————