[Cite as *J.M. v. J.C.*, 2020-Ohio-4963.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [J.M.], | : | |
| Plaintiff-Appellee, | : | |
| v. | : | |
| [J.C.], | : | No. 19AP-739 |
| | | (C.P.C. No. 16JU-9518) |
| Defendant, | : | |
| | | (ACCELERATED CALENDAR) |
| v. | : | |
| [L.B.], | : | |
| Third-Party Defendant-Appellant. | : | |

D E C I S I O N

Rendered on October 20, 2020

**On brief:** *Thomas M. McCash*, for third-party defendant-appellant.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

BRUNNER, J.

{¶ 1} Third-party defendant-appellant, L.B., appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch that was entered on September 30, 2019, denying his motion for relief from judgment pursuant to Civ.R. 60(B). For the reasons that follow, we affirm the trial court's decision.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} This matter arose from a custody dispute. L.B. seeks to have vacated the shared parenting agreement he had approved and signed on October 24, 2017, and which the trial court approved on October 26, 2017.

{¶ 3}   On August 5, 2016, plaintiff-appellee, J.M., pro se, filed a complaint seeking custody of her niece, M.C. (hereinafter "the minor child") from the minor child's biological mother, defendant, J.C., now deceased.[1]   J.M. was J.C.'s sister.  The record indicates the minor child had been living with J.M. since May 2016.

{¶ 4}   L.B. is the minor child's biological father.  L.B. and J.C. never married.  On October 5, 2016, L.B. filed with the clerk of courts' office a change of address form, providing a new address of Reynolds Avenue, Columbus, Ohio, 43201 and referencing the case number assigned to J.M.'s complaint against J.C.

{¶ 5}   J.M. was granted temporary custody on October 14, 2016.  The  trial court continued the hearing to December 15, 2016, in order to perfect service on L.B.   J.M. requested that service be made on L.B. by publication.  Service on L.B. by publication was perfected on October 31, 2016.

{¶ 6}   On December 12, 2016, L.B., pro se, filed a motion to be added as a new party. L.B.'s motion stated that he was the minor child's father, and that he was seeking custody of the minor child.  The same day, L.B. filed a self-styled motion for custody of the minor child, supported by a parenting proceeding affidavit.

{¶ 7}   On December 15, 2016, J.M. and L.B. appeared for the scheduled hearing before the trial court's magistrate.  The magistrate granted the parties' request for a continuance to allow for a home investigation and reset the hearing for March 10, 2017.  On March 10, 2017, J.M. and L.B. appeared for the hearing, at which time the magistrate appointed a guardian ad litem for the minor child and set a trial date of September 6, 2017. The magistrate then continued the hearing.  On August 10, 2017, L.B., pro se, filed an answer and counterclaim to J.M.'s complaint for custody.  On September 6, 2017, the magistrate granted L.B.'s request for a continuance. On October 13, 2017, J.M., L.B., and the guardian ad litem requested another continuance, apparently to fashion and resolve a shared custody agreement.

{¶ 8}   On October 24, 2017, the parties entered into a shared custody agreement, in which J.M. and L.B. were designated custodians of the minor child.  The agreement was comprised of several different sections describing the custodians' rights and responsibilities as to the minor child.  J.M., pro se, L.B., pro se, and the minor child's guardian ad litem

---

[1] The record reflects that J.C. died on January 3, 2018.

signed, acknowledged, and approved the shared custody agreement. On October 26, 2017, the trial court entered an agreed entry and final decree for shared custody. On October 30, 2017, the trial court journalized a judgment entry/final decree, including findings of fact and conclusions of law, approving the shared custody agreement submitted in accordance with R.C. 2151.23(A)(2) that J.M., L.B., and the guardian ad litem had approved and signed.

{¶ 9} On March 29, 2018, L.B., through legal counsel, filed a motion to terminate the shared custody plan, alleging he had been forced by the magistrate into the terms. L.B. requested the trial court issue orders terminating shared custody, terminating J.M.'s custodial rights, providing visitation for J.M. with the minor child, terminating child support, and naming L.B. sole custodian of the minor child. On August 24, 2018, L.B. filed an amended motion to terminate the shared custody plan.

{¶ 10} The morning of January 17, 2019, L.B. filed an amended parenting proceeding affidavit. Later that day, the magistrate issued an order appointing a guardian ad litem and ordering J.M. to pay 10 percent, and L.B. 90 percent, of the guardian ad litem fees and expenses. On January 28, 2019, L.B. filed a motion to set aside the magistrate's January 17, 2019 order appointing a guardian ad litem and to reallocate the guardian ad litem fees to a 50/50 ratio. The matter came on for hearing on March 4, 2019, at which time L.B. requested a continuance. On or about March 20, 2019, the magistrate issued two agreed orders (apparently) modifying the shared custody agreement. J.M., pro se, L.B., L.B.'s counsel, the guardian ad litem, and the magistrate signed both agreed orders.

{¶ 11} On March 20, 2019, the trial court held an evidentiary hearing on L.B.'s motion to set aside the magistrate's January 17, 2019 decision appointing a guardian ad litem and allocating payment of the guardian ad litem fees. L.B. and his legal counsel attended the hearing. L.B.'s counsel made an oral motion for the appointment of a new magistrate because L.B. believed the magistrate was biased against him. On April 22, 2019, the trial court issued a six-page decision and entry denying L.B.'s objection as to the allocation of guardian ad litem fees and his oral motion to disqualify the magistrate. The trial court's decision summarized the case's long history and set forth the legal analysis for the determination.

{¶ 12} On May 6, 2019, L.B.'s August 14, 2018 amended motion came on for hearing before the magistrate. L.B.'s counsel did not appear for the hearing, and L.B. informed the

magistrate his counsel had notified him by telephone that he was in Arizona. The magistrate, unable to proceed in the absence of L.B.'s counsel, dismissed L.B.'s amended motion without prejudice.

{¶ 13} On July 12, 2019, L.B. filed a motion pursuant to Civ.R. 60(B) to vacate the October 26, 2017 judgment entry, the shared parenting agreement he had approved and signed. He also asked the trial court to establish him as the sole custodian of the minor child. L.B. alleged that he, and possibly J.C., had not been properly served with J.M.'s original complaint, which denied the trial court jurisdiction to issue orders. L.B. also alleged "the order affected the paternal grandparent's companionship time by awarding paternal grandparents [sic] third weekend of the month to father as his parenting time. The paternal grandparent was not added to this case or notified that her companionship time could be affected by this case." (July 12, 2019 Mot. to Vacate Jgmt. at 1.) Finally, L.B. asserted the trial court was unable to grant custody to a close relative based on the best interest of the child, claiming the trial court failed to give him an unsuitability determination before granting joint custody to J.M., a non-parent, and that J.M. failed to establish that L.B. was an unfit parent under R.C. 3109.11.

{¶ 14} On September 30, 2019, the trial court issued a four-page entry denying L.B.'s motion for relief from judgment under Civ.R. 60(B).

{¶ 15} L.B. timely appealed. On November 23, 2019, L.B. filed an App.R. 9(C) statement of proceedings asserting that either no recording was made of the proceedings of the October 14, 2017 hearing before the magistrate or such recording was no longer available for transcription.

## II. ASSIGNMENTS OF ERROR

{¶ 16} L.B. presents for our review seven assignments of error.

> I. The Trial Court erred in failing to verify that [L.B.] was properly served a copy of [J.M.'s] Complaint as required by the Ohio Rules of Civil Procedure.
>
> II. The Trial Court erred in allowing Service by Publication when [L.B.'s] residence was known to the Court and could have been reasonably ascertained by [J.M.].
>
> III. The Clerks Notice fails to provide all required provisions set forth in Civ.R. 4(A)(1) and is not proper service of [J.M.'s] Complaint.

IV. The Trial Court erred in failing to set aside its October 26, 2017 Entry as requested by [L.B.'s] 60(B) Motion, as a matter of law.

V. [L.B.] was not afforded a fair and impartial trial as the Trial Court manifested a predisposition and judicial bias resulting in prejudice to [L.B.].

VI. The Trial court abused its discretion in utilizing a best interest standard of review instead of an [sic] suitability standard of review.

VII. The Courts [sic] entry of October 26, 2017 fails to address assignment of educational costs are required by R. C. §3313.64(B)(1).

(Sic passim.)

## III. LAW AND DISCUSSION

### A. Standard of Review

#### 1. Failure to Perfect Service

{¶ 17} L.B. alleges he was not properly served in this matter. A motion to vacate judgment for lack of service goes to whether the trial court had jurisdiction to render judgment; it is not governed by Civ.R. 60(B). We review such claims de novo.

> Civ.R. 3(A) states that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant." Where service of process is not properly made pursuant to Civ.R. 4 et seq., the court lacks jurisdiction to consider the complaint and any judgment on that complaint is void ab initio. *See Deutsche Bank Natl. Trust Co. v. Boswell*, 192 Ohio App. 3d 374, 2011-Ohio-673, ¶ 15, 949 N.E.2d 96 (1st. Dist.); *Rite Rug Co., Inc. v. Wilson*, 106 Ohio App.3d 59, 665 N.E.2d 260 (10th Dist.1995). Our standard of review of a dismissal due to the lack of personal jurisdiction is de novo. *Kauffman Racing Equip., L.L.C. v. Roberts*, 126 Ohio St.3d 81, 2010-Ohio-2551, 930 N.E.2d 784.

*Shah v. Simpson*, 10th Dist. No. 13AP-24, 2014-Ohio-675, ¶ 9. *See also Lewis v. Moore*, 10th Dist. No. 16AP-775, 2017-Ohio-4049.

#### 2. Civ.R. 60(B)

{¶ 18} "A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan*, 33 Ohio St.3d 75, *77* (1987). An

abuse of discretion occurs when a trial court's discretionary judgment is unreasonable, arbitrary, or unconscionable. *State ex rel. McCann v. Delaware Cty. Bd. of Elections*, 155 Ohio St.3d 14, 2018-Ohio-3342, ¶ 12; *State v. Meek*, 10th Dist. No. 16AP-549, 2017-Ohio-9258, ¶ 23. Even under an abuse of discretion standard, however, "no court has the authority, within its discretion, to commit an error of law." (Quotations and citations omitted.) *Shaw v. Underwood*, 10th Dist. No. 16AP-605, 2017-Ohio-845, ¶ 25; *State v. Akbari*, 10th Dist. No. 13AP-319, 2013-Ohio-5709, ¶ 7. In other words, " '[a] court abuses its discretion when its ruling is founded on an error of law or a misapplication of law to the facts.' " *Independence v. Office of the Cuyahoga Cty. Exec.*, 142 Ohio St.3d 125, 2014-Ohio-4650, ¶ 49 (O'Donnell, J., dissenting), quoting *Doe v. Natl. Bd. of Med. Examiners*, 199 F.3d 146, 154 (3d Cir.1999). Absent an abuse of discretion on the part of the trial court, this Court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993), citing *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 260-61 (1988).

{¶ 19} Civ.R. 60(B) provides that a trial court may relieve a party from a final judgment, order, or proceeding for the following reasons:

> (B) Mistakes; Inadvertence; Excusable neglect; Newly discovered evidence; Fraud; etc.
>
> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59 (B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

{¶ 20} To prevail under Civ.R. 60(B), the movant must show that (1) the movant has a meritorious defense or claim to present if relief is granted, (2) the movant is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) the motion is made within a reasonable time. The movant must satisfy all three of these requirements to obtain relief. *Bur. of Workers' Comp. v. Daily Servs., LLC*, 10th Dist. No. 11AP-1122, 2012-Ohio-4242, ¶ 13, citing *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus; *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151 (1996).

## B. Assignments of Error

### 1. First, Second, and Third Assignments of Error

{¶ 21} We address together L.B.'s first three assignments of error, all of which raise the issue of failure to perfect service of process on him in this matter. L.B. contends that serving him by publication was not proper under the circumstances. He argues that, because service on him was not proper, the trial court lacked jurisdiction to consider J.M.'s complaint, and the trial court's judgment is void ab initio. Based on our de novo review, L.B.'s claim that he was not properly served is not well-taken.

{¶ 22} A motion to vacate judgment for lack of service goes to whether the trial court had jurisdiction to render judgment and is not governed by Civ.R. 60(B). This Court has held that, "[w]hen a court lacks personal jurisdiction over a defendant as a result of deficient service, that defendant is entitled to have the judgment vacated and need not satisfy the requirements of Civ.R. 60(B)." *Shah*, 2014-Ohio-675, at ¶ 24. " 'To be entitled to relief from a void judgment, a movant need not present a meritorious defense or show that the motion was timely filed under Civ.R. 60(B).' " *Gupta v. Edgecombe*, 10th Dist. No. 03AP-807, 2004-Ohio-3227, ¶ 12, quoting *State ex rel. Fairfield Cty. CSEA v. Landis*, 5th Dist. No. 2002 CA 00014, 2002-Ohio-5432, ¶ 16, citing *CompuServe, Inc. v. Trionfo*, 91 Ohio App.3d 157, 161 (10th Dist.1993).

{¶ 23} In *Gupta*, this Court stated:

> A rebuttable presumption of proper service arises when a party complies with the Ohio Rules of Civil Procedures regarding service. *Rogers v. United Presidential Life Ins. Co.*, 36 Ohio App.3d 126, 128, 521 N.E.2d 845 (10th Dist. 1987). * * * [D]epending on the evidence, the trial court need not accept as credible a defendant's testimony that he or she was not served

with the complaint; nonetheless, the trial court may not summarily overrule a motion supported by an affidavit so stating.

*Gupta* at ¶ 13.

{¶ 24} L.B. claims he has never been properly served with J.M.'s complaint. The trial court rejected L.B.'s claim, stating:

> [L.B.'s] claim for relief based on service of process is denied. His claim rests on factually disputing the October 14, 2016 Affidavit for Service by Publication of [J.M.]. [L.B.'s] claim also relies on the alleged knowledge of [J.C.], who is now deceased. Service by Publication was obtained nearly three years ago on October 31, 2016. * * *
>
> The Court deems service of [J.M.'s] Complaint was properly accomplished.

(Sept. 30, 2019 Entry Denying Def.'s Mot. for Relief from Jgmt. at 2-3.)

{¶ 25} The record contains J.M.'s October 14, 2016 affidavit for service by publication under Juv.R. 16(A). That rule provides in pertinent part "when the residence of a party is unknown and cannot be ascertained with reasonable diligence, service shall be made by publication." *Id.* J.M. testified in her affidavit that L.B.'s residence was unknown to her and that it could not be ascertained with reasonable diligence. The record also contains proof of publication dated October 31, 2016. In light of the trial court's records, we find that process of service was perfected as to L.B. by publication on October 31, 2016. Consequently, we overrule L.B.'s first, second, and third assignments of error.

### 2. Fourth Assignment of Error

{¶ 26} L.B. argues the trial court abused its discretion in refusing to grant the motion when the underlying judgment was void because service was not perfected. (Appellant's Brief at 22.) Having already overruled L.B.'s assignments of error that are based on his claim that he not been properly served in this matter, his argument is not well-taken. L.B.'s fourth assignment of error is overruled.

### 3. Fifth Assignment of Error

{¶ 27} L.B. alleges he was not afforded a fair and impartial trial because the trial court "manifested a predisposition and judicial bias resulting in prejudice to" him. (Appellant's Brief at 20.)

{¶ 28} The record of this case does not support L.B.'s allegation. The record reflects that, throughout the proceedings, L.B. was at times pro se and at times represented; J.M. always acted pro se. The record also reflects the amount of time the magistrate spent with the parties at scheduled hearings and that the magistrate reset hearings to accommodate the parties' requests, never once denying a request for a continuance. The trial court conducted a full evidentiary hearing at which L.B., represented by counsel, was able to present his case on his January 28, 2019 motion in which he objected to the allocation of guardian ad litem fees in the magistrate's January 17, 2019 decision. It was at that hearing that L.B.'s counsel made an oral motion to disqualify the magistrate. The trial court subsequently issued a six-page decision and entry explaining why it was denying L.B.'s motion. The trial court's decision discussed the law pertaining to a trial court's authority over guardian ad litem fees and the magistrate's rationale for setting the allocation of the guardian ad litem fees.

{¶ 29} The trial court's September 18, 2019 decision also addressed L.B.'s claim of bias on the part of the magistrate, stating:

> [L.B.] has established no basis for his oral motion to disqualify the Magistrate. [L.B.] cited a phrase by the Magistrate as a prejudicial denial of certain rights [L.B.] believes he holds. The record demonstrates that the Magistrate attempted to explain to [L.B.] and his Counsel the correct legal standard by which [L.B.] might bring his Motion to Reallocate Custody. The Magistrate explained that their concept that [J.M.] cannot have custody of Minor Child unless [L.B.] has been determined an unfit parent is inaccurate. The Magistrate articulated the correct basis for [L.B.'s] Motion for Reallocation, which is changed circumstances for the child. This seems to be the basis of [L.B.'s] accusation of unfairness or bias on the part of the Magistrate. It is certainly within the Magistrate's purview, and in the interest of equity, for the Magistrate to outline basic principles so that [L.B.] might understand how to access his rights under the law.
>
> [L.B.] has not presented any evidence of bias by the Magistrate, and therefore his Motion to Disqualify her is not well taken. On the contrary, the record shows a thoughtful examination and sensitive treated by the Magistrate of all the parties in this case that include [sic] difficult, tragic circumstances.

(Sept. 18, 2019 Decision and Entry at 5-6.)

{¶ 30} The trial court's September 30, 2019 decision found no facts in evidence that, if proven, would warrant relief from judgment. It concluded, therefore, that L.B. was not entitled to the requested relief. Based on our review of the record, we find the trial court did not abuse its discretion in reaching this conclusion. Because L.B. cannot show he is entitled to relief under Civ.R. 60(B)(5), he cannot satisfy all three prongs necessary to prevail under Civ.R. 60(B). We need not address the other two prongs.

{¶ 31} L.B.'s fifth assignment of error is overruled.

### 4. Sixth Assignment of Error

{¶ 32} L.B. argues the trial court abused its discretion when it used a best interest of the child standard of review instead of a suitability standard of review. We disagree.

{¶ 33} The trial court explained its use of the best interest standard, stating:

> Pursuant to Franklin County Local Domestic Court Rule 13, "Motions requesting relief from judgment which do not involve lack of service or lack of jurisdiction will be reviewed by the court and scheduled for hearing if the materials submitted allege operative facts which, if proven, would warrant relief from judgment."
>
> This Court is concerned with the welfare of Minor Child. Paternity for Minor Child was not established until October 14, 2016, when Child was 8 years old. Since May of 2016 to the present, Child has been living with [J.M.]. Child lived with [J.C.] prior to [J.C.'s] untimely death. The Court finds that removing Child from the legal and residential custodian she has had for more than three years and placing her with someone who has never been a legal or residential custodian is contrary to the best interest of the child, contrary to public policy and contrary to the case law that governs this Court. [L.B.] in his Motion restates numerous mistakes of law that the Court previously considered and rejected in his prior Objection. [L.B.] has not alleged any operative facts which, if proven, would warrant relief from judgment. [L.B.] has had available to him numerous channels to exercise and even increase his parenting time, but he has not chosen to follow through with those opportunities.

(Sept. 30, 2019 Entry Denying Def.'s Mot. for Relief from Jgmt. at 3-4.)

{¶ 34} Our review of the record supports the trial court's determination. Consequently, we find the trial court did not abuse its discretion in reaching this conclusion. Because L.B. cannot show he is entitled to relief under Civ.R. 60(B)(5), he cannot satisfy all

three prongs necessary to prevail under Civ.R. 60(B). We need not address the other two prongs.

{¶ 35} L.B.'s sixth assignment of error is overruled.

### 5. Seventh Assignment of Error

{¶ 36} L.B. contends the October 26, 2017 parenting agreement fails to address assignment of educational costs as required by R.C. 3313.64(B)(1).

{¶ 37} As the trial court noted, L.B. seeks to vacate the shared parenting agreement he entered into voluntarily in October 2017. The trial court noted further that L.B. could have chosen not to enter a shared parenting plan nearly two years ago. The trial court rejected L.B.'s contention that it should vacate a decision into which he voluntarily entered.

{¶ 38} We agree with the trial court. Because L.B. cannot show he is entitled to relief under Civ.R. 60(B)(5), he cannot satisfy all three prongs necessary to prevail under Civ.R. 60(B). Even if L.B. were able to show he is entitled to relief under Civ.R. 60(B)(5), his motion needed to be made within a reasonable time. Instead, he waited nearly two years to challenge a shared parenting plan he had entered into voluntarily.

{¶ 39} L.B.'s seventh assignment of error is overruled.

## IV. CONCLUSION

{¶ 40} Based on our de novo review of the record, we conclude process of service was perfected on L.B. Consequently, we overrule L.B.'s first, second, and third assignments of error. Additionally, we find that the trial court did not abuse its discretion in denying L.B.'s motion for relief from judgment under Civ.R. 60(B). Consequently, we overrule his fourth, fifth, sixth, and seventh assignments of error. The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch is affirmed.

*Judgment affirmed.*

KLATT and BEATTY BLUNT, JJ., concur.

———————