[Cite as *Mun. Tax Invest., L.L.C v. Pate* , 2016-Ohio-7791.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Municipal Tax Investment, LLC, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | |
| Pamela L. Pate et al., | : | No. 16AP-218 (C.P.C. No. 14CV-0595) |
| Defendants-Appellees, | : | (REGULAR CALENDAR) |
| Patricia L. Tripodi , Trustee of the Patricia L. Tripodi Trust dated March 5, 2009, | : | |
| | : | |
| Defendant-Appellant. | : | |

# D E C I S I O N

### Rendered on November 17, 2016

**On brief:** *Patricia Tripodi-Wademi*, pro se.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant Patricia L. Tripodi-Wademi ("appellant"), Trustee of the Patricia L. Tripodi Trust dated March 5, 2009, appeals from a decision of the Franklin County Court of Common Pleas denying her motion to vacate judgment pursuant to Civ.R. 60(B). For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} In January 2014, plaintiff-appellee, Municipal Tax Investment, LLC, initiated an action seeking to foreclose on tax certificates it purchased from the Franklin County Treasurer concerning the property located at 8033 Jonson Drive, Reynoldsburg, Ohio. Appellee named the owners of the property, appellant and her sister, Pamela L.

Pate ("Pate"), as two of the defendants.  The record indicates that on January 21, 2014, a summons was issued by certified mail to appellant at the Jonson Drive address.  On February 4, 2014, Barbara Pate, appellant's mother, signed for the certified mail.

{¶ 3}  On April 8, 2014, appellant requested mediation and a stay pending mediation.  The next day, the trial court referred the matter to mediation and granted the defendants 28 additional days after the completion of mediation to respond to the complaint.  A few days later, the trial court denied appellant's motion to stay.

{¶ 4}  Apparently concerned that appellant was not properly served with the complaint at the Jonson Drive address, appellee's counsel, in August 2014, instructed the clerk to serve the complaint on appellant, via certified mail, at appellant's address in North Carolina.  The clerk issued the summons by certified mail.  The certified mail envelope was returned to the clerk as unclaimed and notice was provided to appellee's counsel of the failure of service.  Appellee's counsel then instructed service on appellant by ordinary mail at appellant's North Carolina address.  On September 9, 2014, the clerk issued the summons to appellant by ordinary mail.  There is no evidence in the record indicating that the ordinary mail envelope was returned as undeliverable.

{¶ 5}  In January 2015, after the parties did not reach a resolution of the matter through mediation, appellee moved for summary judgment against appellant and Pate.  In February 2015, the trial court granted appellee's motion for summary judgment and filed a judgment entry and decree of foreclosure.  In January 2016, appellant filed a motion to vacate judgment pursuant to Civ.R. 60(B).  In February 2016, the trial court denied appellant's motion to vacate judgment.

{¶ 6}  Appellant timely appeals.

## II.  Assignments of Error

{¶ 7}  Appellant assigns the following errors for our review:

> [1.] The trial court erred in finding that Appellant had been served the Summons and Complaint according to Rule 4.1(C) of the ORCP.

> [2.] The trial court erred in finding that Appellant waived defect of service by 'appearing' in the action via filed papers during a mediation proceeding.

## III. Discussion

{¶ 8}  Appellant's first and second assignments of error involve related issues and we therefore address them together.  Appellant's first assignment of error alleges that the trial court erred in finding that she was properly served with the complaint.  Her second assignment of error challenges the trial court's finding that she waived any defect in service.  Appellant argues that the trial court lacked personal jurisdiction because she was never properly served.  She also argues that she demonstrated a meritorious defense and excusable neglect, as Civ.R. 60(B) requires, based on the lack of proper service, her health issues, and the illegality of appellee's acquisition of the tax certificates.  Appellant essentially contends that she has demonstrated her entitlement to relief under both Civ.R. 60(B) and the inherent power of the trial court to vacate void judgments.  Thus, appellant asserts that the trial court erred in denying her motion to vacate.  We disagree.

### A.  Service of Process – Personal Jurisdiction

{¶ 9}  We first address the service of process issue.  If a plaintiff fails to perfect service on a defendant and the defendant has not appeared in the action or waived service, a trial court lacks the jurisdiction to enter judgment against the defendant. *Bowling v. Grange Mut. Cas. Co.*, 10th Dist. No. 05AP-51, 2005-Ohio-5924, ¶ 27.  A judgment rendered by a court that has not acquired personal jurisdiction over the defendant is void, and not merely voidable.  *Beachler v. Beachler*, 12th Dist. No. CA2006-03-007, 2007-Ohio-1220, ¶ 13.  Thus, a motion by a defendant seeking to vacate a judgment for lack of personal jurisdiction "constitutes a direct attack upon the judgment and, as such, need not satisfy the requirements of Civ.R. 60(B)." *Schnippel Constr., Inc. v. Kreps*, 3d Dist. No. 17-01-16 (Feb. 15, 2002).  When a defendant attempts to vacate a void judgment through a Civ.R. 60(B) motion, courts treat the motion as a common-law motion to vacate the judgment. *See Bendure v. Xpert Auto, Inc.*, 10th Dist. No. 11AP-144, 2011-Ohio-6058, ¶ 16 (the "authority to vacate a void judgment arises from the inherent power possessed by Ohio courts, not Civ.R. 60(B)").  Appellate courts review the denial of a common-law motion to vacate under the abuse of discretion standard. *Bendure* at ¶ 16. An abuse of discretion is more than merely an error of judgment; it connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 10} Here, the record does not support appellant's argument that she was not properly served with the complaint. In January 2014, the clerk issued a summons to appellant at the Jonson Drive address, and, on February 4, 2014, appellant's mother signed for the certified mail. Appellant argues that she was not properly served on February 4, 2014 because she did not reside at the Jonson Drive address. Even assuming this is correct, subsequent events confirm the trial court's jurisdiction over appellant.

{¶ 11} Appellant was served with process in North Carolina via ordinary mail pursuant to the Rules of Civil Procedure. Appellant suggests that proper service of process always requires a signature of the recipient. This is incorrect. Civ.R. 4.3(A) authorizes out-of-state service of process on a defendant to effectuate personal jurisdiction. *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.*, 53 Ohio St.3d 73, 75 (1990). Civ.R. 4.3(B)(1) incorporates the methods of service by the clerk "as provided in Civ.R. 4.1(A)(1) through Civ.R. 4.1(A)(3)." Under Civ.R. 4.1(A)(1)(a), service of process by the clerk "shall be by United States certified or express mail unless otherwise permitted by these rules" and is "[e]videnced by return receipt signed by any person." Thus, while this rule generally requires service by certified or express mail, it also allows service "otherwise permitted by these rules." *Spotsylvania Mall Co. v. Nobahar*, 7th Dist. No. 11 MA 82, 2013-Ohio-1280, ¶ 19, citing Civ.R. 4.1(A)(1)(a). When certified mail is unclaimed or refused, the Rules of Civil Procedure permit service by ordinary mail, and deem service complete by ordinary mail when that mail is not returned as undeliverable. *Id.*, citing Civ.R. 4.6(D); *see J. R. Prods., Inc. v. Young*, 3 Ohio App.3d 407 (10th Dist.1982) (when out-of-state service by certified mail is returned as "unclaimed," service by ordinary mail is permissible). Therefore, if service by certified mail on an out-of-state party is returned as unclaimed, service may be completed by ordinary mail. *See Spotsylvania Mall Co.* at ¶ 21.

{¶ 12} In August 2014, appellee's counsel instructed the clerk to serve the complaint on appellant at her mailing address in North Carolina via certified mail. The certified mail was sent to appellant's North Carolina address, but it was returned to the clerk as unclaimed. Upon receiving notice of this failure of service, appellee's counsel then instructed the clerk to serve appellant by ordinary mail at her North Carolina address. The ordinary mail that was sent to appellant was not returned as undeliverable.

Therefore, pursuant to Civ.R. 4.1, 4.3, and 4.6, service was perfected on appellant, and the trial court had personal jurisdiction to enter judgment against her. Because we find appellant was properly served, her arguments regarding waiver of service are moot.

### B. Appellant's Request for Relief pursuant to Civ.R. 60(B)

{¶ 13} To prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must satisfy a three-prong test. The movant must demonstrate (1) she has a meritorious defense or claim to present if relief is granted; (2) she is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time and, when relying on a ground for relief set forth in Civ.R. 60(B)(1), (2), or (3), she filed the motion not more than one year after the judgment, order, or proceeding was entered or taken. *GTE Automatic Electric, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. There will be no relief from judgment if the movant fails to satisfy any one of the prongs of the *GTE* test. *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994). An appellate court reviews a trial court's denial of a Civ.R. 60(B) motion for an abuse of discretion. *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, ¶ 7; *Oberkonz v. Gosha*, 10th Dist. No. 02AP-237, 2002-Ohio-5572, ¶ 12.

{¶ 14} Here, the trial court did not abuse its discretion in denying appellant relief under Civ.R. 60(B). The trial court determined that appellant failed to demonstrate she has a meritorious defense to present at trial, and she also failed to establish excusable neglect. As to the meritorious defense issue, the trial court determined that appellant, in her letter requesting mediation, admitted to owing the underlying taxes on the property. The trial court also rejected appellant's arguments that appellee illegally obtained the tax certificates and that one of the tax certificates was expired. The trial court noted that the allegedly expired tax certificate was valid when appellee filed the foreclosure complaint and the court entered judgment, and that appellant failed to go beyond mere allegations and conclusions to establish that appellee illegally obtained the tax certificates.

{¶ 15} Appellant does not dispute the trial court's determination regarding the purportedly expired tax certificate. Appellant argues, however, that the trial court erred in not finding that she presented a meritorious defense based on her allegation that appellee did not have the legal authority to purchase the tax certificates. In support,

appellant cites the fact that appellee purchased two of the three tax certificates before registering in Ohio as a foreign limited liability company on December 17, 2012. According to appellant, because appellee was not registered as a foreign limited liability company in Ohio at the time it purchased two of the three tax certificates, those two certificates were illegally obtained. Appellant's reasoning is flawed.

{¶ 16} Pursuant to R.C. 1705.54(A), before transacting business in Ohio, a foreign limited liability company must register with the secretary of state. Further, a foreign limited liability company transacting business in this state may not maintain any action or proceeding in any court of this state until it has registered in this state in accordance with sections 1705.53 to 1705.58 of the Revised Code. R.C. 1705.58(A). However, the "failure of a foreign limited liability company to register in this state in accordance with sections 1705.53 to 1705.58 of the Revised Code does not impair the validity of any contract or act of the company or prevent it from defending any action or proceeding in any court of this state." R.C. 1705.58(B); *see Columbus Steel Castings Co. v. Transp. & Transit Assocs., LLC*, 10th Dist. No. 06AP-1247, 2007-Ohio-6640, ¶ 68 ("R.C. 1705.58 is a law that prescribes the steps for having a right or duty judicially enforced, rather than a law that defines the specific rights or duties themselves.").

{¶ 17} Thus, appellant's assertion that appellee did not legally purchase the tax certificates because it had not already registered with the secretary of state as a foreign limited liability company is not a meritorious defense to the foreclosure action. When appellee initiated the tax certificate foreclosure action to enforce its rights as a lienholder, it was registered with the secretary of state. Consequently, we find that the trial court did not abuse its discretion in determining that appellant failed to demonstrate she has a meritorious defense to present at trial. Appellant's failure to meet the meritorious defense requirement of Civ.R. 60(B) precludes relief under that rule. *See Strack*. Thus, it is unnecessary to address the excusable neglect issue.

{¶ 18} Because the trial court did not abuse its discretion in denying appellant's request for relief from judgment, appellant's first and second assignments of error are overruled.

## IV.  Disposition

{¶ 19} Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and HORTON, JJ., concur.

———————————————