[Cite as *Nunn v. Ohio Dept. of Ins.*, 2018-Ohio-4030.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Gary L. Nunn, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 18AP-114 |
| v. | : | (Ct. of Cl. No. 2017-859) |
| Ohio Department of Insurance, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on October 4, 2018

**On brief:** *Gary L. Nunn*, pro se. **Argued:** *Gary L. Nunn*.

**On brief:** *Michael DeWine*, Attorney General, and *Timothy M. Miller*, for appellee. **Argued:** *Timothy M. Miller*.

APPEAL from the Court of Claims of Ohio

KLATT, J.

{¶ 1} Plaintiff-appellant, Gary L. Nunn, appeals a judgment of the Court of Claims of Ohio that dismissed his complaint for failure to state a claim pursuant to Civ.R. 12(B)(6). Because the claims asserted in the complaint are time-barred by R.C. 2743.16(A), we affirm.

**FACTS AND PROCEDURAL HISTORY**

{¶ 2} On October 20, 2017, Nunn filed a complaint against appellee, Ohio Department of Insurance, in the Court of Claims. Nunn sought money damages in connection with appellee's alleged failure to adequately investigate an insurance claim arising out of an automobile accident involving Nunn that occurred on September 18, 2013. Nunn alleged appellee failed to protect him from several insurance companies, and failed

to adequately address his claim of insurance fraud under R.C. 2913.45. Nunn supplemented the allegations in his complaint by referencing allegations in a number of attached documents, including a letter dated October 17, 2017 in which he claims that Motorist Mutual improperly cancelled his car and homeowners insurance as a result of the earlier automobile accident. Nunn also attached to his complaint a letter from appellee dated March 10, 2015, stating that appellee had investigated Nunn's concerns regarding how Motorist Mutual handled the claim in question, and it had found no evidence that Motorist Mutual had acted improperly. Lastly, the letter stated that appellee had finalized its review of Nunn's concerns and that Nunn's file remained closed and that any further communication from Nunn regarding this matter would not be answered.

{¶ 3} On November 29, 2017, appellee filed a motion to dismiss. Appellee argued that Nunn's complaint should be dismissed on multiple grounds, including failure to state a claim based on expiration of the applicable statute of limitations. Nunn did not file a memorandum contra appellee's motion. The trial court granted appellee's motion based upon the expiration of the two-year statute of limitations contained in R.C. 2743.16(A).

{¶ 4} Nunn, appearing pro se, appeals assigning the following errors:

[1.] The court erred by allowing Timothy H. Miller assistance attorney general to file a motion with the court and not filing a motion of appearance Rule 26.02 the plaintiff was never notified that Timothy H. Miller was representing the department of insurance before the motion to dismiss was filed on 11/29/2017.

[2.] The court erred by assuming the plaintiff in this matter had received the motion to dismiss on 11/29/2017 it states in the motion that is was sent by e-mail the plaintiff does not have a computer at home and goes to the library and had some illness and did not go to the library for several days and when the plaintiff did go to the library he found the motion to dismiss had been filed and did not have a chance to respond. The plaintiff in this matter did not give attorney Miller the right to use his e-mail and would like to know how he obtained this information.

[3.] The court erred by violating the plaintiffs civil and constitute rights by not allowing an oral argument with was filed on 11/22207. The judge in this matter Patrick M. McGriff ruled the motion (moot) the department of insurances job depiction plainly states (if there is cause to believe this

cancellation is based on erroneous information, or is contrary to law or the terms of the policy, you are entitled to have this matter reviewed by the superintendent of insurance upon written application to the superintendent of insurance).

[4.] The court erred in its decision by stating the defendant had failed to state a cognizable claim of fraud. The plaintiff filed a motion on June 25, 2015 and on July 16, 2016 with the court and out lined all of the irregularities and inconsistencies with the repairs to the building that were caused by the accident in this matter and the issues with the lottery sales.

[5.] The court erred in Judge Patrick M. McGrath not recusing himself from making a decision in this case as there were some issues that the plaintiff and the judge were made aware of.

[6.] The court erred in allowing Timothy M. Miller in representing the department of insurance as on September 28, 2015 Timothy M. Miller assistant attorney general filed a motion with Tenth Appellant Court and in this brief it states Gary L. Nunn v. Ohio Department of Rehabilitation and Correction I would like to respectfully inform the court I have never been in prison or rehabilitation and it appeared to the plaintiff attorney Miller was trying to slander my military service to this great country of ours and make me look bad in the eyes of the court. The plaintiff in matter filed a motion to have this removed from the record but as to the writing of this brief it has not been removed the plaintiff and attorney Timothy were informed with the issues that were complained of.

[7.] The court erred by stating that the statute of limitations had expired in this matter on December 28, 2010 the Supreme Court of Ohio ruled that a six-year statue of limitations for a felony offence that contains an element of fraud begins to run only after the corpus delicti (body of the crime) of the offence is discovered. The matter happed on September 18, 2013 so the matter has not expired.

(Sic passim.)

## LEGAL ANALYSIS

{¶ 5} We review a trial court's grant of a motion to dismiss for failure to state a claim under Civ.R. 12(B)(6) de novo. *Pankey v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 13AP-701, 2014-Ohio-2907, ¶ 7. A motion to dismiss under Civ.R. 12(B)(6) tests the

sufficiency of the complaint, and dismissal may be granted when it appears beyond doubt from the complaint that the plaintiff can prove no set of facts warranting the requested relief. *State ex rel. Turner v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, ¶ 5. In ruling on a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must construe the complaint in the light most favorable to the plaintiff, presume all factual allegations in the complaint are true, and make all reasonable inferences in favor of the plaintiff. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988).

{¶ 6} For ease of analysis, we address Nunn's assignments of error out of order. In his second assignment of error, Nunn contends he did not respond to appellee's motion to dismiss because it was sent electronically to his email address. Nunn's argument is without merit. Nunn does not dispute he received the motion to dismiss at his email address. Nunn provided his email address on his complaint, and Civ.R. 5(B)(2)(f) authorizes a defendant to serve a motion to dismiss by email when the plaintiff includes an email address on the complaint. *Gibson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 16AP-498, 2016-Ohio-7577, ¶ 10 (service of motion to dismiss by email address on complaint permissible). Therefore, we overrule Nunn's second assignment of error.

{¶ 7} In his third assignment of error, Nunn contends that the trial court violated his civil and constitutional rights by denying his request for oral argument on appellee's motion to dismiss. Nunn cites no legal authority in support of this assignment of error as required by App.R. 16(A)(7). Even if we ignored this deficiency, the trial court was not required to permit oral argument and it did not abuse its discretion under these circumstances, particularly when Nunn did not file a memorandum contra the motion to dismiss. Therefore, we overrule Nunn's third assignment of error.

{¶ 8} In his seventh assignment of error, Nunn contends the trial court erred when it dismissed his complaint for failure to state a claim based upon the expiration of the statute of limitations. Nunn argues that a six-year statute of limitations for fraud applies. We disagree.

{¶ 9} Pursuant to R.C. 2743.16(A), civil actions against the state in the Court of Claims must be commenced "no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties." We agree with the trial court that Nunn's complaint and incorporated attachments

establish that his claims against appellee accrued no later than March 2015, when Nunn received a letter from appellee stating that appellee would take no further action on his complaints. Because Nunn did not file this action until October 20, 2017, which is more than two years after March 2015, his action is time-barred. A motion to dismiss may be granted when the complaint conclusively demonstrates that the applicable statute of limitations has expired. *Coleman v. Columbus State Community College*, 10th Dist. No. 15AP-119, 2015-Ohio-4685, ¶ 6. Therefore, we overrule Nunn's seventh assignment of error.

{¶ 10} In his fourth assignment of error, Nunn contends the trial court erred when it ruled that he failed to state a claim for fraud. However, the premise for this assignment of error is incorrect. As appellee points out, the trial court made no such ruling. The trial court dismissed Nunn's complaint because it was barred by the two-year statute of limitations. Therefore, we overrule Nunn's fourth assignment of error.

{¶ 11} We collectively address Nunn's remaining three assignments of error: first assignment of error (counsel for appellee failed to file a notice of appearance); fifth assignment of error (trial judge failed to recuse himself from the case); and sixth assignment of error (counsel for appellee filed a motion in another case involving Nunn that allegedly was inaccurate and that Nunn would like removed from the record). First, Nunn cites no authority in support of these assignments of error in violation of App.R. 16(A)(7). Nor are we aware of any legal support for these arguments. Second, Nunn raised none of these arguments in the trial court. It is well-established that a party may not present new arguments for the first time on appeal. *Simmons v. Budde*, 10th Dist. No. 14AP-846, 2015-Ohio-3780, ¶ 10, citing *Clifton Care Ctr. v. Ohio Dept. of Job and Family Servs.*, 10th Dist. No. 12AP-709, 2013-Ohio-2742, ¶ 13. For these reasons, we overrule appellant's first, fifth, and sixth assignments of error.

{¶ 12} Having overruled all of appellant's assignments of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

BROWN, P.J., and SADLER, J., concur.

———————————