[Cite as *State ex rel. Yost v. Best Choice Industries, L.L.C.*, 2026-Ohio-1001.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio, ex rel., Attorney General
Dave Yost,

        Plaintiff-Appellee,

v.

Best Choice Industries, LLC et al.,

        Defendants-Appellants.

:
:
:
:
:
:
:
:

No. 25AP-753
(C.P.C. No. 12CV-2295)

(REGULAR CALENDAR)

D E C I S I O N

Rendered on March 24, 2026

**On brief:** *Dave Yost*, Attorney General, and *Teresa A. Heffernan*, for appellee. **Argued:** *Teresa A. Heffernan*.

**On brief:** *Daniel Perley*, pro se.

APPEAL from the Franklin County Court of Common Pleas

EDELSTEIN, J.

{¶ 1} Defendant-appellant, Daniel Perley, pro se, appeals from a decision and entry of the Franklin County Court of Common Pleas denying his motion to vacate default judgment and dismiss complaint. For the following reasons, we affirm.

I. Facts and Procedural History

{¶ 2} On February 22, 2012, plaintiff-appellee, the State of Ohio, through the Attorney General,[1] filed a complaint against Mr. Perley and Best Choice Industries, LLC,

---

[1] At the time of filing, Michael DeWine was the Ohio Attorney General. The case caption has been updated to State ex rel. Dave Yost, Attorney General to reflect the name of the current Ohio Attorney General.

dba Best Choice Egress Windows ("Best Choice"), alleging numerous violations of the Consumer Sales Practices Act and the Home Solicitation Sales Act ("HSSA"). A proof of service filed on April 23, 2012 showed service of the summons and complaint by ordinary mail to Mr. Perley on April 19, 2012. Mr. Perley did not file an answer or any other pleading, and the trial court entered a default judgment against Mr. Perley and Best Choice on September 27, 2012.

{¶ 3} On August 19, 2025, nearly 13 years after the default judgment was entered, Mr. Perley filed a motion to vacate default judgment and dismiss complaint. Mr. Perley argued the trial court lacked personal jurisdiction over him because service was never perfected. He asserted he was incarcerated in 2012 and unable to be served by ordinary mail. Additionally, Mr. Perley argued the state's original complaint failed to state a claim upon which relief could be granted. The state filed a memorandum in opposition to Mr. Perley's motion on August 28, 2025, arguing Mr. Perley was properly served on April 19, 2012. The state also noted Mr. Perley provided no evidence for his claim that he was incarcerated at the time of service. The state submitted a chart of Mr. Perley's periods of incarceration in Ohio as identified by the attorney general investigator, demonstrating Mr. Perley was not incarcerated in April 2012. (Memo in Opp., Ex. A.)

{¶ 4} In a September 17, 2025 decision and entry, the trial court denied Mr. Perley's motion to vacate and dismiss complaint. The trial court found the record shows service was obtained on April 19, 2012 and Mr. Perley provided no evidence to support his claim he was incarcerated at that time. Additionally, the trial court found that even if it construed Mr. Perley's motion as a Civ.R. 60(B) motion for relief from judgment, Mr. Perley failed to demonstrate he was entitled to relief. The trial court also rejected Mr. Perley's Civ.R. 12(B)(6) motion to dismiss. Mr. Perley timely appeals.

## II. Assignments of Error

{¶ 5} Mr. Perley raises the following four assignments of error for our review:

> I. The Trial Court committed an error of law by applying the timeliness requirement of Ohio Civil Rule 60(B) to the appellant's Motion to Vacate, where the motion challenged the judgment as being void for lack of personal jurisdiction.

II. The Trial Court abused its discretion by denying the Motion to Vacate on the basis that the Appellant failed to rebut the presumption of service, where the facts demonstrate that service was attempted by ordinary mail to an outdated address, while the Plaintiff-Appellee had constructive knowledge that the Appellant was incarcerated, thereby violating the Appellant's constitutional right to due process.

III. The Trial Court erred by denying the Motion to Vacate and preventing the Appellant from presenting a meritorious defense that the underlying default judgment, based on the mechanical application of the Ohio Home Solicitation Sales Act (HSSA), is unconstitutional as applied because it penalizes the immediate commencement of work required to abate a bona fide, imminent life-safety hazard, thereby violating the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

IV. The Trial Court abused its discretion by denying the Motion to Vacate, where the underlying judgment was tainted by the unlawful acts of the adverse party and the unauthorized appearance of the adverse party's counsel on the Appellant's behalf, which constitutes misconduct under Civ.R. 60(B)(3).

### III.  First and Second Assignments of Error—Motion to Vacate

{¶ 6}   Mr. Perley's first and second assignments of error are interrelated, and we address them jointly.  In his first assignment of error, Mr. Perley argues the trial court erred in applying the Civ.R. 60(B) timeliness requirement to his motion to vacate alleging a lack of personal jurisdiction.  In his second assignment of error, Mr. Perley argues the trial court erred in concluding he failed to rebut the presumption of proper service.  Taken together, these assignments of error assert the trial court erred in denying his motion to vacate.

{¶ 7}   "When a defendant claims the trial court lacked personal jurisdiction over them due to improper service of process, 'the appropriate method to challenge such void judgment is through a common law motion to vacate.' "  *GEICO Indem. Co. v. August*, 2023-Ohio-1196, ¶ 14 (10th Dist.), quoting *Chuang Dev. LLC v. Raina*, 2017-Ohio-3000, ¶ 29 (10th Dist.).  *Accord James v. Top of the Hill Renovations*, 2016-Ohio-1190, ¶ 9 (10th Dist.) (a "common law motion to vacate is utilized to set aside a judgment rendered by a court that has not acquired personal jurisdiction over the defendant").  Even where a

defendant attempts to vacate a judgment through Civ.R. 60(B) for lack of personal jurisdiction, courts appropriately treat the motion as a common law motion to vacate. *GEICO Indem. Co.* at ¶ 15, citing *Mun. Tax Invest., LLC v. Pate*, 2016-Ohio-7791, ¶ 9 (10th Dist.) (a judgment rendered by a court without personal jurisdiction over the defendant is void, not merely voidable). To obtain relief from a void judgment for lack of personal jurisdiction, a movant need not satisfy the requirements of Civ.R. 60(B). *Id.*, citing *Gupta v. Edgecombe*, 2004-Ohio-3227, ¶ 12.

{¶ 8} We review a trial court's denial of a motion to vacate judgment for an abuse of discretion. *Sullivan v. N. Eighteenth St. Energy Efficient Homeownership Project Ltd. Partnership*, 2022-Ohio-1472, ¶ 10 (10th Dist.), quoting *James* at ¶ 9 ("A trial court's decision to deny a motion to vacate judgment is reviewed on appeal for an abuse of discretion whether that motion is made pursuant to Civ.R. 60(B) or under the common law."). An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983); *State ex rel. Deblase v. Ohio Ballot Bd.*, 2023-Ohio-1823, ¶ 27.

{¶ 9} Mr. Perley first argues the trial court applied the incorrect legal standard to his motion to vacate. We disagree. Through his motion to vacate, Mr. Perley asked the trial court to vacate the default judgment under Civ.R. 60(B). However, because Mr. Perley alleged a lack of personal jurisdiction, the trial court appropriately considered his argument as a common law motion to vacate. *GEICO Indem. Co.* at ¶ 15. To the extent Mr. Perley argues the trial court improperly applied the timeliness requirement under Civ.R. 60(B) to his common law motion to vacate, Mr. Perley misconstrues the trial court's decision. The trial court first considered Mr. Perley's motion as a common law motion to vacate and applied the appropriate law before concluding Mr. Perley did not rebut the presumption of proper service and denying his motion on that basis. (Sept. 17, 2025 Decision and Entry at 2.) Only after reaching that conclusion did the trial court state "[e]ven if [Mr. Perley's] motion is construed as a motion pursuant to Civ.R. 60(B), the Court does not find relief is warranted," in part because the motion was not made until nearly 13 years after the default judgment without explanation for the delay. (Decision and Entry at 2-3.) The trial court engaged in the Civ.R. 60(B) analysis as an alternative, but such analysis is not determinative of the trial court's decision to deny Mr. Perley's common law motion to vacate. As we

explained above, the trial court properly construed Mr. Perley's motion as a common law motion to vacate. In doing so, the trial court did not apply the incorrect legal standard to his motion.

{¶ 10} Mr. Perley next argues the trial court abused its discretion in finding he failed to rebut the presumption of proper service. Civ.R. 4.1 governs the methods for obtaining proper service, and service by certified mail evidenced by a signed return receipt accomplishes proper service. *Boggs v. Denmead*, 2018-Ohio-2408, ¶ 23 (10th Dist.), quoting *TCC Mgmt. v. Clapp*, 2005-Ohio-4357, ¶ 11 (10th Dist.). When certified mail "is returned . . . stating that the envelope was unclaimed," the clerk shall, upon written request from the serving party, "send by . . . ordinary mail a copy of the summons and complaint or other document to be served" to the defendant's address in the case caption or other address designated in the written request. Civ.R. 4.6(D). Following the mandates of Civ.R. 4.6(D) creates a presumption of proper service. *First Resolution Invest. Corp. v. Davis*, 2005-Ohio-4976, ¶ 10 (10th Dist.), citing *Bank One N.A. v. Winn*, 2000 Ohio App. LEXIS 3879 (10th Dist. Aug. 29, 2000). A defendant may rebut the presumption of proper service under Civ.R. 4.6(D) "by sufficient evidence, such as the defendant did not reside or did not receive mail at the address to which such ordinary mail service was addressed." *Id.*, citing *Central Ohio Sheet Metal, Inc. v. Walker*, 2004-Ohio-2816, ¶ 10 (10th Dist.) (appellant failed to rebut presumption of proper service by ordinary mail because he resided at the address where the summons and complaint were sent). *See also Boggs* at ¶ 24, quoting *Chuang Dev. LLC v.* at ¶ 32 ("[a] defendant, however, 'can rebut the presumption of proper service with sufficient evidence that service was not accomplished' ").

{¶ 11} On appeal, Mr. Perley does not challenge the trial court's conclusion that the state followed the requirements of Civ.R. 4.6(D) in obtaining service by ordinary mail and, thus, created a presumption of proper service. Instead, he argues the trial court abused its discretion in concluding he did not rebut the presumption of proper service. He argues his motion set forth sufficient operative facts that he was incarcerated at the time of service by ordinary mail and, thus, did not receive service. Mr. Perley argues the trial court, at minimum, should have conducted an evidentiary hearing on his claim that he was incarcerated in April 2012.

{¶ 12} Despite arguing in his first assignment of error that the trial court should not have considered his motion under Civ.R. 60(B), Mr. Perley argues under his second assignment of error that he was entitled to a hearing under Civ.R. 60(B). *See, e.g.*, *Elevation Ents. v. Anchor Capitol L.L.C.*, 2023-Ohio-1646, ¶ 23 (10th Dist.) (a party filing a Civ.R. 60(B) motion is not automatically entitled to a hearing, but a trial court should grant a hearing to take evidence where the Civ.R. 60(B) motion contains allegations of operative facts that would warrant relief from judgment). As we explained above, however, the authority to vacate a void judgment for lack of personal jurisdiction "originates from the inherent power possessed by Ohio courts, not Civ.R. 60(B)." *Freedom Mtge. Corp. v. Groom*, 2009-Ohio-4482, ¶ 19 (10th Dist.), citing *Patton v. Diemer*, 35 Ohio St.3d 68, 70 (1988).

{¶ 13} Mr. Perley did not request a hearing in the trial court, and a trial court is not required to hold a hearing on a common law motion to vacate. *See State v. Arega*, 2018-Ohio-3137, ¶ 15 (10th Dist.), citing *State v. Francis*, 2004-Ohio-6894, ¶ 56 ("[a]s a general rule, in the absence of a specific requirement to the contrary, a decision on whether to hold a hearing on a motion is a matter entrusted to the sound discretion of the trial court"). Though Mr. Perley claimed he was incarcerated in April 2012, he did not present any evidence to the trial court to support his claim. The state, on the other hand, presented evidence that the attorney general investigator determined Mr. Perley was not incarcerated in Ohio during the pertinent timeframe. Mr. Perley neither responded to the state's position in the trial court nor indicates on appeal what evidence he would have presented to substantiate his claim of incarceration were he granted a hearing on his motion to vacate. On this record, we do not find the trial court abused its discretion in determining Mr. Perley failed to rebut the presumption of proper service and denying his common law motion to vacate without a hearing.

{¶ 14} Mr. Perley has not demonstrated the trial court either applied the incorrect legal standard to his motion to vacate or abused its discretion in denying his motion to vacate without a hearing. Therefore, we overrule Mr. Perley's first and second assignments of error.

## IV. Third and Fourth Assignments of Error—Constitutional Arguments and Acts of the Adverse Party

{¶ 15} In his third assignment of error, Mr. Perley argues the trial court erred in denying his motion to vacate because the HSSA is unconstitutional. In his fourth and final assignment of error, Mr. Perley argues the trial court abused its discretion in denying his motion to vacate where the proceedings were affected by "unlawful acts of the adverse party." (Appellant's Brief at 12.) Mr. Perley did not raise either of these arguments in the trial court, so he has forfeited these arguments for purposes of appeal. *See Unity v. Ohio Dept. of Mental Health*, 2024-Ohio-3257, ¶ 25 (10th Dist.), citing *CHS-Lake Erie, Inc. v. Ohio Dept. of Medicaid*, 2020-Ohio-505, ¶ 89 (10th Dist.), quoting *Nunn v. Ohio Dept. of Ins.*, 2018-Ohio-4030, ¶ 11 (10th Dist.) (" '[i]t is well established that a party may not present new arguments for the first time on appeal' "); *Atkins v. Ohio Dept. of Job & Family Servs.*, 2008-Ohio-4109, ¶ 19 (10th Dist.), quoting *Little Forest Med. Ctr. v. Ohio Civil Rights Comm.*, 91 Ohio App.3d 76, 80 (9th Dist. 1993), citing *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 210 (1982) (internal quotations omitted) ("[a] fundamental rule of appellate review is that an appellate court will not consider any error that could have been, but was not, brought to the trial court's attention," including constitutional arguments). Thus, we will not consider the arguments presented in Mr. Perley's third and fourth assignments of error for the first time on appeal, and we overrule Mr. Perley's third and fourth assignments of error.

## V. Disposition

{¶ 16} Based on the foregoing reasons, the trial court did not apply the incorrect legal standard to Mr. Perley's motion to vacate for lack of personal jurisdiction and did not abuse its discretion in concluding Mr. Perley failed to rebut the presumption of proper service. Having overruled Mr. Perley's four assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BOGGS, P.J. and DINGUS, J., concur.

————————————